LATINA, APPELLANT, *v.* WOODPATH DEVELOPMENT COMPANY, APPELLEE.

[Cite as Latina *v.* Woodpath Development Co. (1991), 57 Ohio St. 3d 212.]

(No. 90-53—Submitted December 19, 1990—Decided February 27, 1991.)

*William T. Neubert* and *Jon R. Burney,* for appellant.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Michael T. Gavin, Eli Manos, Gareau & Dubelko* and *Michael R. Gareau,* for appellee.

WRIGHT, J. Although this appeal presents several issues for our consideration, we resolve this appeal on the basis of the October 1984 letter described above.

This court has had many opportunities to interpret memorialized contracts. Our past decisions provide us with salutary rules of contract interpretation relevant to the present dispute. "The agreement of parties to a written contract is to be ascertained from the language of the instrument, and there can be no intendment or implication inconsistent with the express terms thereof." *Blosser* v. *Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus. It is incumbent upon the court to interpret such writings: "The construction of written contracts and instruments of conveyance is a matter of law." *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146, paragraph one of the syllabus. Further, "'* * * except where the reformation of a written contract is sought in equity, evidence can not be introduced to show an agreement between the parties materially different from that expressed by clear and unambiguous language of the instrument." *Blosser, supra,* at paragraph two of the syllabus.

As the court of appeals correctly held, the language used in the October 1984 letter is not ambiguous. Woodpath offered Latina the first opportunity to purchase lots in Phase III and not a right of first refusal. Woodpath afforded this opportunity to Latina at their 1986 meeting, thereby completing performance.

Nevertheless, the trial court accepted expert testimony to demonstrate that the October 1984 letter had a different meaning within the real estate development industry. Parol evidence, which in this case came in the form of expert testimony, is admissible to provide special meaning given by the industry to language employed in a contract. *Alexander, supra,* at paragraph three of the syllabus. Latina's expert opined, however, that the words "right to purchase" had no meaning particular to the real estate development industry.[1] Therefore, the words "first right to purchase" must be given their ordinary meaning as was done by the court of appeals.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

---

[1] In contrast, Latina's expert also opined that the words "right of first refusal" have special meaning in the real estate industry — the right to match a third-party offer. Therefore, had the October 1984 letter employed the phrase "right of first refusal," then parol evidence such as Latina's expert's testimony would have been admissible to provide the meaning of the phrase in the real estate industry.