OPINION
Two separate appeals have been consolidated for the purposes of review in this matter. William Carey appeals from a decision of the common pleas court to grant summary judgment in favor of his employer, Davison Company, in connection with a dispute concerning a real estate commission for a commercial lease between Post Office Plaza Limited Partnership and North Coast Fitness for a space in the M.K. Ferguson portion of Tower City Center. Davison cross-appeals from the court's denial of its claim for attorney fees.
Carey urges on appeal the court erroneously granted Davison's motion for summary judgment due to issues concerning waiver and termination of the lease. Davison complains it is entitled to attorney fees as the prevailing party. After a review of the record, we affirm the decision of the trial court.
The record reveals in 1992, Davison employed Carey who brokered a deal between Post Office Plaza and North Coast. On September 2, 1992, Post Office Plaza sent a confirmation letter recognizing Davison as the broker and established the following:
 This letter will confirm that we are recognizing Davison Company as the broker on the above referenced transaction, provided no letter is presented precluding your organization's involvement. Please note that our recognition necessitates the transaction being binding, without contingencies, and fully executed by both parties within sixty (60) days of the date of this letter. * * *
Thereafter on November 10, 1992, the parties executed a security agreement, which included all of the personal property used in connection with North Coast. The parties executed the lease on November 24, 1992, and it contained a provision for a first equipment lien on all the health and fitness equipment purchased for and used in connection with North Coast in the amount of $91,110.00 and requested the lease be perfected by December 15, 1992, or Post Office Plaza could terminate it in writing within ten days.
The record further reveals on December 7, 1992, Post Office Plaza signed a security interest and commenced work on the project, but thereafter exercised its option to terminate the lease.
On October 7, 1997, Carey filed a complaint against Davison for failure to pay his real estate commission. Davison filed a motion for summary judgment, which the court granted on September 16, 1998, but denied its motion for attorney fees. Carey and Davison appeal from that judgment and each raise one assignment of error for our review. We begin with Carey's assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT TO BE DETERMINED.
Carey urges the court erroneously granted judgment in favor of Davison because of issues regarding waiver and the termination of the lease constitute material issues of fact. Davison maintains the court properly granted summary judgment because the September 2, 1992 letter required that the proposed lease contain no contingencies and be fully executed on or before November 2, 1992. The issue here then concerns whether the court erred when it granted Davison' s motion for summary judgment.
We begin by noting Civ.R. 56 (C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56 (E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45;Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In reviewing cases which have been disposed of via summary judgment, appellate courts apply a de novo standard of review to the trial court's decision. Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107.
From a substantive standpoint, we recognize the court in Latinav. Woodpath Development Co. (1991), 57 Ohio St.3d 212, stated:
 This court has had many opportunities to interpret memorialized contracts. Our past decisions provide us with salutary rules of contract interpretation relevant to the present dispute. "The agreement of parties to a written contract is to be ascertained from the language of the instrument, and there can be no intendment or implication inconsistent with the express terms thereof." * * * (Citation omitted.)
Further in Yaroma v. Griffiths (1995), 104 Ohio App.3d 545, our court stated:
 * * * Our goal is to arrive at the intent of the parties, which is presumed to be stated in the contract documents. As recently held in The Toledo Group, Inc. v. Benton Industries (1993), 87 Ohio App.3d 798 * * *:
 "The interpretation of a written contract is a matter of law for the court. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, * * * paragraph one of the syllabus. The purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, * * * paragraph one of the syllabus. The intent of the parties is presumed to reside in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, * * * paragraph one of the syllabus. Common words appearing in the instrument will be given their plain and ordinary meaning unless manifest absurdity results or some other meaning is clearly evidenced from the face or overall contents of the contract. Alexander, supra, at paragraph two of the syllabus.
In this case, the language used in the confirmation letter which Post Office Plaza had sent to Davison is not ambiguous and sets forth two requirements: The lease had to have been executed by November 2, 1992 and had to have no contingencies. A review of the lease indicates the parties signed the lease after the 60-day time period expired, and it contained a requirement that North Coast grant a security interest in favor of Post Office Plaza on all health and fitness equipment it purchased or acquired. However, Davison concedes in its brief (Brief p. 10) that Post Office Plaza ratified the lease. The brief reads as follows:
 * * * for purposes of the summary judgment motion and this brief, Davison would concede that Post Office Plaza ratified the Lease even though it was not executed with the time frame set forth in the Commission Letter.
Accordingly, because the lease contained a security interest as a lease contingency, Carey did not fulfill the requirements as set forth in the confirmation letter, and he is not entitled to a commission from Davison. Therefore, the court did not err when it granted Davison's motion for summary judgment. Accordingly, this assignment of error is not well taken.
We now turn to the assignment of error Davison raises on cross appeal.
 THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT AS A MATTER OF LAW AWARDING DAVISON 
COMPANY ITS COSTS AND ATTORNEY'S FEES AS THE PREVAILING PARTY UNDER CAREY'S CLAIMS ADVANCED PURSUANT TO O.R.C. 1335.11.
Davison urges the court erroneously denied its motion for attorney fees as the prevailing party to this lawsuit. Carey maintains R.C. 1335.11 does not apply to the facts of this case; therefore, the court properly denied Davison's motion. The issue here concerns whether the court erred in denying Davison attorney fees.
We begin by noting R.C. 1335.11 (D) states:
 A principal who fails to comply with division (C) of this section or with any contractual provision concerning timely payment of commissions due upon termination of a contract with a sales representative, is liable in a civil action for exemplary damages in an amount not to exceed three times the amount of the commissions owed to the sales representative. The prevailing party in an action brought under this section is entitled to reasonable attorney's fees and court costs.
 "Principal" is defined by subdivision (A) (2) as any person who does not have a permanent or fixed place of business in this state * * *
In this case, Post Office Plaza is an Ohio Corporation, and has a permanent or fixed place of business in Ohio; thus, the statute has no application to these facts, and Davison is not entitled to attorney fees pursuant to this code section. Therefore, the trial court did not commit error in denying Davison's motion for attorney fees. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and MICHAEL J. CORRIGAN, J., CONCUR