OPINION
Defendants-appellants Richard S. Lowe, Jr. and M. Lynne Lowe appeal the May 25, 2000, and September 15, 2000, Judgment Entries of the Licking County Municipal Court.
 STATEMENT OF THE FACTS AND CASE
On November 18, 1999, plaintiff-appellee Unique Realty Consultants [hereinafter appellee] filed a Complaint against defendants-appellants Richard S. Lowe, Jr. and M. Lynne Lowe [hereinafter appellants]. Appellee brought claims of breach of contract, promissory estoppel and unjust enrichment based upon an alleged contract between the parties concerning the sale of real estate. Specifically, appellee claimed that the parties executed an exclusive real estate listing contract whereby appellants retained the services of appellee to sell appellants' property located at 8400 Concord Road, Johnstown, Licking County, Ohio. Appellee alleged that the contract granted Unique Realty Consultants the exclusive right to sell appellants' property for a term commencing on July 29, 1999, through October 29, 1999. Should the property be sold during that time, appellants were to pay appellee a fee of six percent of the selling price of the property. Appellee claimed that appellants sold the property to a third party, without use of Unique Realty Consultants, and despite repeated requests, failed to pay appellee the agreed upon fee. On January 7, 2000, appellants filed an untimely pro se Answer, denying that there was a contract between the parties and, further denying all claims. The same day that appellants filed their Answer, appellee filed a Motion for Default Judgment. The Motion for Default Judgment was denied. On January 14, 2000, the matter was set for pre-trial conference, to be conducted on February 23, 2000. Appellants appeared at the pre-trial conference at which time it was decided that the case would be set for trial, at least 90 days from the pre-trial date. On February 24, 2000, the matter was set for a trial, to be conducted on May 23, 2000, at 8:30 A.M. A copy of the court Order was mailed to appellants. On May 22, 2000, at 2:00 P.M., the day before trial, appellant Richard Lowe filed a handwritten document captioned "Defendants wish to take leave to hire an attorney/counsel to defend against all claims." In that "motion" appellant asserted that discovery had not been conducted per the Judge's instruction in that appellee had not contacted appellant. Appellant wrote "defendant hoped to remind plaintiff at deposition that he 1) left defendant's home with a signed contract with none of the blanks filled in (including the date.) 2) remind counsel that representing to the court that he had a complete contract, appears to be a fraudulent statement. 3) discuss the possibility of a settlement to cover plaintiff's expenses prior to his filing the complaint. Legal Aid has turned defendant down twice. Defendant is selling his car to pay for an attorney." This motion did not bear a proof of service or any other indication that it was served upon opposing counsel. On the morning of May 23, 2000, at 8:30 A.M., appellee and counsel appeared prepared for trial. However, appellants did not appear. Prior to commencing the trial, the court noted the handwritten pleading filed the day before and found that, if the motion was to be construed as a motion for a continuance, it was not well taken and was thereby denied. In so doing, the trial court noted that the words "request a continue" or "request for a continuance" did not appear in the handwritten document. The court further noted that the handwritten document had no certificate of service and did not appear to have been submitted to opposing counsel. Opposing counsel noted on the record that they did not receive this pleading, had not been contacted concerning a continuance, had continued other cases in order to appear that day for trial and were present and prepared to go forward. The trial court noted that the defendants, appellants herein, had at all times been able to obtain counsel, noting that the Answer was filed January 7, 2000, and that appellants had appeared at a pre-trial on February 23, 2000. The trial court proceeded to trial. Appellee presented one witness, Richard E. Greer, owner of Unique Realty Consultants. Mr. Greer testified and presented a contract signed by the parties showing that he obtained a listing contract on the home in question on July 29, 1999, giving him the exclusive right to sell the home. Mr. Greer testified that he had the property listed in the multiple listing book, showed the home, and placed a sign in front of it indicating it was for sale. Mr. Greer testified that he obtained a qualified buyer and when attempting to contact appellants to show the home, appellants were evasive and eventually admitted that the home was under contract to sell to someone else. Mr. Greer presented testimony and evidence that the home was sold with another lot that was not part of the listing contract. The sale occurred approximately three weeks after the listing agreement with Unique Realty Consultants was entered into. Mr. Greer testified that the property was transferred on September 16, 1999, while the listing agreement was in effect, by virtue of the signing of the deed and closing, even though the deed was not recorded until November, 1999. Greer claimed that he was entitled to a six percent commission on the sale of the home at the listing price of $149,900.00, which amounted to $8,994.00. Upon completion of the trial, the trial court found a valid contract existed between the parties and that appellee had demonstrated he was entitled to the commission as set forth in the contract. Thereafter, by Judgment Entry filed May 25, 2000, the trial court awarded judgment in favor of appellee and against appellants in the sum of $8,999.94 with interest from the date of judgment at the legal rate. Costs were assigned to appellants. On June 23, 2000, appellants, through counsel, filed a Notice of Appeal. Thereafter on August 11, 2000, appellants, acting through counsel, filed a Motion for Relief from Judgment, pursuant to Civ.R. 60(B)(1) and (3). On August 16, 2000, the trial court found that appellants' filing of a Notice of Appeal precluded the trial court from ruling upon the 60(B) Motion for Relief from Judgment. On August 24, 2000, appellants moved this court to remand the matter to the trial court for the purposes of the trial court rendering a decision upon the Motion for Relief from Judgment. This court granted appellants' motion by Judgment Entry filed September 5, 2000. On September 15, 2000, the trial court denied appellants' Motion for Relief from Judgment. Thereafter, the matter was returned to this Court. It is from the May 25, 2000, and September 15, 2000, Judgment Entries of the Licking County Municipal Court that appellants appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING THE DEFENDANT'S [SIC] "MOTION TO CONTINUE".
 ASSIGNMENT OF ERROR II THE TRIAL COURT VIOLATED THE DEFENDANT'S [SIC] RIGHTS TO OBTAIN COUNSEL.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S [SIC] MOTION FOR RELIEF FROM JUDGMENT.
 I II
In their first and second assignments of error, appellants claim the trial court abused its discretion in denying them a continuance to obtain counsel. We disagree. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. In order to find an abuse of that discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140; State v. Gill, (July 20, 2000), Coshocton App. No. 99CA020, unreported, 2000 WL 1020700. When determining whether the court's discretion to grant a continuance has been abused, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. Griffin v. Lamberjack (1994), 96 Ohio App.3d 257, 264,644 N.E.2d 1087. The objective factors to be considered by the trial court in assessing the propriety of a motion for continuance include: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance; and the other relevant factors, depending on the unique facts of each case." State v. Unger, supra, at 67-68, 423 N.E.2d 1078.
Upon review, we find that the trial court did not abuse its discretion in denying appellants' motion. On February 24, 2000, the trial court set a trial date of May 23, 2000 at 8:30 A.M. Appellants waited until May 22, 2000, at 2:00 P.M. to file their Motion for a Continuance to obtain counsel. Appellants had sufficient opportunity prior to trial to obtain counsel and chose not to do so at an earlier time. Further, we note that appellants' motion indicates that appellants were aware of their need for counsel earlier in that they stated that appellant(s) was turned down for assistance from Legal Aid twice before. Further, opposing counsel was not notified, arrived the morning of trial prepared to go forward and had continued other matters in order to do so. We also note that the motion is signed by appellant Richard Lowe, only, and is not signed by appellant/defendant M. Lynne Lowe. The record reflects that appellants were dilatory, were responsible for their lack of trial counsel and created a significant inconvenience to the appellee, opposing counsel and the trial court by waiting to the day before trial to request a continuance, further complicated by their lack of notice to opposing counsel. We find no abuse of discretion in denying appellants' motion for a continuance to obtain counsel and moving forward with the trial. Appellants first and second assignment of error are overruled.
 III
In their third assignment of error, appellants argue that the trial court erred when it denied appellants' Civ.R. 60(B) Motion for Relief from Judgment. We disagree. A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) provides as follows, in pertinent part,: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g., Matson v. Marks (1972), 32 Ohio App.2d 319, 327,291 N.E.2d 491. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216,220, 394 N.E.2d 348. Bare assertions of fact do not entitle the movant to relief. Mount Vernon Farmer's Exchange v. McKee, (Dec. 8, 1999), Knox App. No. 98-CA-27, unreported, 2000 WL 1444 (citing East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 394 N.E.2d 348 Kay v. Morc Glassman, Inc. (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102). The standard of review of a Civ.R. 60(B) motion is abuse of discretion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113. Therefore, we must determine whether the trial court abused its discretion in overruling appellant's motion for relief from judgment. In the case sub judice, appellants specifically alleged that appellants' failure to appear at the proper time for trial was excusable neglect and that the opposing party, appellee, committed fraud or misrepresentations. Appellants' excusable neglect argument was based upon allegations that appellants appeared approximately one hour late because they were confused as to the correct time the trial was to begin. Appellants further asserted that they had material to present to the trial court which would demonstrate that appellants were not liable under any contract, if indeed a contract did exist. Specifically, appellant Richard Lowe asserted in an affidavit that appellee committed fraud and perjury upon the trial court when appellee presented a document as a contract which was not the contract which was intended to be signed by appellants and that the appellee was wrong when he asserted that the property was listed in the Multiple Listing Service book as was required by the contract. Further, appellant Richard Lowe asserted that the Lowes had difficulty obtaining an attorney due to an impending bankruptcy on the part of Richard Lowe. In denying appellants' Motion, the trial court found that, while appellants' motion was timely, appellants' failure to appear at trial was not excusable neglect, that appellants' had not established fraud, misrepresentation or misconduct by the adverse party and that appellant had not demonstrated a meritorious defense or claim to be presented if relief were granted. We will address each finding in turn. Initially, we note, as did the trial court, that appellants' motion was timely made. We will next consider whether the trial court abused its discretion when it found that appellants failed to show a meritorious defense or claim to present should relief be granted. Appellant Richard Lowe, in his affidavit, asserted that appellants provided appellee with a "List of Exclusions" which listed the persons appellants had previously contacted regarding the sale of the property. Appellants assert that the person who bought the property was on that List of Exclusions. However, appellants did not present a copy of the List to the trial court. We find that the trial court did not abuse its discretion when it found that appellants failed to demonstrate a meritorious defense or claim, especially in light of the explicit terms of the written contract submitted at trial by appellee. "The agreement of the parties to a written agreement is to be ascertained from the language of the instrument, and there can be no intendment or implication inconsistent with the express terms thereof." Latina v. Woodpath Development Co. (1991), 57 Ohio St.3d 212, 567 N.E.2d 262. The contract which granted appellee the exclusive right to sell the property appears to bear the signature of appellants and yet appellants did not assert that those signatures were forged or inappropriately obtained. While appellants asserted this was not the contract they intended to sign, appellants provided no further explanation as how their signatures were obtained nor what contract they intended to sign. Further, the contract bearing their signatures does not reflect the existence or inclusion of the "List of Exclusions" as a term to the contract. The contract states that it grants appellee the exclusive right to sell or exchange the property from July 29, 1999 through October 29, 1999 and that a commission is due appellee if the property is sold or exchanged by anyone during the period of the contract. It is undisputed that the property was sold during the period of time covered by the contract. Further, appellant asserted in his affidavit that appellee failed to list the property in the Multiple Listing Service as called for in the contract. At trial, the owner of Unique Realty Consultants, Greer, testified that: Q. . . . [C]an you tell the Court again exactly what was your obligation on this contract. A. Okay. We [Unique Realty Consultants] listed the property, turned it over to Columbus MLS. Q. What exactly does that involve? A. Filling out the documents and, and [sic] putting all the information about the property and giving it to them and letting them put it, take a picture of it and board and everything.
Tr. pg. 9-10. First, we note that appellants did not submit any evidence to support their bare allegation that the property did not appear in the Multiple Listing Service [hereinafter MLS]. Next, we note that the contract requires appellee to "submit this Listing Contract to the MLS to be published and disseminated to participants therein." Appellant has not demonstrated that appellee failed to submit the information to MLS but only asserts that the property never appeared in the MLS. We find that this bare assertion, in and of itself, does not demonstrate that appellee failed to fulfill his duty under the contract. We find the trial court did not abuse its discretion in finding that appellants failed to assert a meritorious defense or claim. We could end our analysis at this point. However, the trial court further found that appellants failed to demonstrate that they were entitled to relief pursuant to Civ.R. 60(B)(1), mistake, inadvertence, surprise or excusable neglect, or (3), fraud misrepresentation or other misconduct by an adverse party. We will address these issues, as well. Appellants allege that their failure to appear was excusable neglect. See Civ.R. 60(B)(1). What constitutes "excusable neglect" depends on the facts and circumstances of each case. Colley v. Bazell (1980), 64 Ohio St.2d 243,249, 416 N.E.2d 605; Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 607 N.E.2d 914. Nonetheless, neglect is inexcusable when the movant's inaction exhibits a complete disregard for the judicial system or that of an opposing party. GTE Automatic Electric, supra at 153, 351 N.E.2d 113. Excusable neglect has been found when a court has found unusual or special circumstances justified the neglect. However, cases generally suggest that if the party or his attorney could have controlled or guarded against the happening or circumstance, the neglect is not excusable. Vanest v. Pillsbury Company (1997), 124 Ohio App.3d 525,706 N.E.2d 825. We find the trial court did not abuse its discretion when it failed to find appellants' failure to appear for trial excusable neglect. Appellants had been served with notice that the trial was scheduled for May 23, 2000, at 8:30 A.M. Appellants do not deny the fact that they had notice of the date and time of trial but allege that they were confused as to the time to appear. They assert that they were involved in other legal matters in Franklin County and allege that those court proceedings had report times of 10:00 A.M. Appellants could have readily noted the time to report. Appellants allege they arrived at the courthouse at 9:20 A.M. and reported to the Clerk of Courts Office only to be told that the matter had already been heard. However, appellants give no explanation as to why they failed to appear in the courtroom to which the matter was assigned and in which they had previously appeared for a pretrial hearing. We note that appellants filed their Answer late and waited until the day before trial to request a continuance to obtain counsel. Appellant had filed an Answer to the suit on January 7, 2000, and had 90 days from the date of a pretrial hearing until trial in which to obtain counsel. Appellant had ample time in which to acquire counsel. Further, appellants showed no regard for opposing counsel. Opposing counsel was given no notice of appellant's request for a continuance, leaving appellee and counsel to appear for trial at the date and time scheduled. We find the trial court did not abuse its discretion in finding that the conduct of the parties did not constitute excusable neglect. Appellants also assert that appellee committed fraud or misrepresentations to the trial court. Appellants claim that appellee failed to testify regarding the List of Exclusions indicating persons appellants had previously shown the house to. Appellants further claim that the contract presented by appellee was different than the contract intended to be signed by appellants and that appellee falsely indicated the property was listed in the Multiple Listing Service Book. The trial court found that while appellants contended that the contract presented by appellee was not the contract they intended to sign, they do not allege that the signatures on the contract were not theirs nor provide operative facts as to how appellants' signatures were obtained inappropriately. Further, the appellants do not dispute the fact that they sold the property themselves during the time in which the contract was in effect. We find no abuse of discretion in the trial court's finding that appellants failed to demonstrate they were entitled to Relief under Civ.R. 60(B)(3), fraud, misrepresentations or other misconduct of the opposing party.
In conclusion, we find the trial court did not abuse its discretion in denying appellants' Motion for Relief from Judgment made pursuant to Civ.R. 60(B)(1) and (3). Appellants' third assignment of error is overruled.
Edwards, J. Gwin, P.J. and Wise, J. concur