OPINION
Defendant-appellant, Rusch Properties, Inc., appeals the April 27, 2000 judgment entry of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Robert O. Fleming, on appellant's counterclaim seeking a declaration of appellee's rights under a lease entered into between appellant, the landlord/lessor and appellee, the tenant/lessee. In particular, the trial court ruled that, under the lease, appellee may sublease the entire leasehold premises to a third-party subtenant. For the reasons that follow, we affirm.
In 1983, appellee entered into a thirty-year lease of commercial property with appellant's predecessor-in-interest. Paragraph 12 of the lease contained the following language regarding appellee's right to assign and or sublease the premises:
 ASSIGNMENT AND SUBLETTING. Lessee shall not assign this Lease, or any interest herein or in the Leased Premises. Lessee can sublet any part of the Leased Premises, as long as Lessee remains as primary tenant. No assignment or subletting by Lessee shall relieve Lessee of its obligations hereunder. [Emphasis added.]
Since 1985, appellee has subleased at least fifty percent of the total square footage of the leased premises to a third party.
In its counterclaim against appellee, appellant sought a declaration that paragraph 12 of the lease, in particular, the requirement that appellee "remains as primary tenant," prohibited appellee from leasing fifty percent or more of the total square footage of the leased premises. This claim, along with other claims between the parties not relevant here, went to trial before the court upon written stipulations and brief testimony of appellee.
By decision filed October 22, 1999, the trial court held that the lease did not prohibit appellee from subleasing fifty percent or more of the premises. In so holding, the trial court ruled that the "primary tenant" language in the lease would be given its plain and ordinary meaning, which did not require appellee to physically occupy any portion of the leasehold but clarified that appellee was the chief, fundamental, or earliest tenant vis-a-vis appellant. Furthermore, the trial court also noted that, had the parties intended appellee to remain in physical occupancy of at least fifty percent of the leasehold, that requirement readily could have been accomplished through the inclusion of more precise language. The trial court rendered final judgment on April 27, 2000.
Appellant timely appealed, raising the following single assignment of error:
 The trial court erred in ruling that pursuant to the lease at issue in this case, Plaintiff-Appellee Robert O. Fleming, the lessee under such lease, could sublease the entire leasehold.
In its single assignment of error, appellant contends that the trial court erred in its interpretation of paragraph 12 of the lease. In particular, appellant argues that applying well-established principles of contract interpretation, the language of paragraph 12 clearly prohibits appellee from subletting fifty percent or more of the premises.
The purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.Id. If a contract is clear and unambiguous, its interpretation is a matter of law and there is no issue of fact to be determined. NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108;Latina v. Woodpath Development Co. (1991), 57 Ohio St.3d 212, 214.
Conversely, if a contract is ambiguous, the meaning of the words used is a factual question, and a court's interpretation will not be overturned on appeal absent a showing that the trial court abused its discretion. Ohio Historical Society v. General Maintenance EngineeringCo. (1989), 65 Ohio App.3d 139, 147; see, also, Lelux v. Chernick
(1997), 119 Ohio App.3d 6, 10.
The question of whether a contract is ambiguous, is a question of law to which this court applies a de novo standard of review. Ohio HistoricalSociety, supra; Seringetti Constr. Co. v. Cincinnati (1988),51 Ohio App.3d 1, 4. A contract is ambiguous if it is susceptible to more than one reasonable interpretation. See Hillsboro v. Fraternal Order ofPolice, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, syllabus.
Here, appellant essentially argues that the language in paragraph 12 of the lease that allows appellee to sublease the premises "as long as Lessee remains as primary tenant" clearly and unambiguously prohibits appellee from subletting fifty percent or more of the leased premises. In particular, appellant contends that this language clearly indicates a limitation on appellee's subletting authority. Further, appellant contends that a lessee remains a tenant only as long as he holds possession of the leased space to the exclusion of others and, as such, he ceases to be a tenant as to any space he has subleased to others. Under this analysis, appellee remains a "primary tenant" only as long as he does not sublease fifty percent or more of the total square footage leased from appellant. Finally, appellant contends that the trial court's interpretation of the disputed language renders it meaningless in that it adds nothing new to the terms of the lease that would not automatically exist under the law governing subleasing of real property. We find, however, that appellant's arguments do not warrant reversal of the trial court's decision below.
First, the applicable language of paragraph 12, that appellee may sublease any part of the leased premises as long as he remains as primary tenant, does not clearly and unambiguously prohibit appellee from subletting fifty percent or more of the premises. Here, the subleasing provision initially states that appellee may sublease "any part" of the lease premises. There is no language specifically indicating a limitation on the amount of space that may be subleased at any given time, let alone stating that appellee was prohibited from subleasing fifty percent or more of the total square footage of the premises. Restrictions on the right of a tenant to enter into a sublease are "viewed as restraints against alienation of property; they must be clearly expressed in the lease/rental agreement or the courts will not enforce them." White, Ohio Landlord Tenant Law (2001), Paragraph 11.12, at 257.
Furthermore, we are not persuaded by appellant's suggestion that the requirement that appellee "remains as primary tenant" clearly and unambiguously creates a limitation on the amount of space that may be subleased. The word tenant is not necessarily limited to those who maintain possession of leased premises. In the broadest sense, a tenant simply means a lessee of real, as opposed to personal, property. See Black's Law Dictionary (6 Ed.Rev. 1979) 902, definition of lessee ("[i]n the case of real estate, the lessee is also known as the tenant"). As such, a tenant does not cease to be a tenant when he subleases the premises to a third party. Cf. Young v. McCleese (July 13, 1998), Ross App. No. 97CA2351, unreported (appellants were still tenants despite not having exclusive use and occupation of the premises and, therefore, were liable to landlord for damage to premises).
As such, the phrase "as long as lessee remains as primary tenant" can reasonably be interpreted as clarifying that appellee would always be considered the principal lessee under the lease and could not become secondarily liable for the payments under the lease by assigning his interest in the lease to a third party. See Gholson v. Savin (1941),137 Ohio St. 551, paragraph two of the syllabus ("[w]here upon the assignment by the lessee of a lease on real property, such lessee is not discharged from his obligations under such lease, the assignee assumes the position of principal obligor for the performance of the covenants of the lease, and the lessee becomes his surety for such performance"); see, also, Restatement of the Law 2d, Property (1977) 90, Section 15.1, at Comment i (noting that if a tenant makes an assignment, rather than a sublease, the tenant's liability on the obligations under the lease become secondary or may, in certain circumstances, be eliminated).
Appellant correctly points out that such an interpretation adds nothing new to the terms of the lease that would not otherwise automatically exist under law when a lease prohibits assignment of the lease but allows subleasing of the premises. The trial court's interpretation in this regard, however, was not an abuse of discretion or against the manifest weight of the evidence. Again, a trial court's interpretation of ambiguous terms will not be reversed on appeal absent a showing that the trial court abused its discretion.
There is nothing inherently unreasonable in the trial court's conclusion that the parties to the lease would include redundant language designed to clarify the essential purpose of paragraph 12 — allowing appellee to sublease the premises but not assign the lease and making sure that appellee knew that he would be primarily responsible for payments under the lease. This is especially so given that paragraph 12 is replete with redundancies. The language generally authorizing appellee to sublease the premises is, itself, a redundancy, as subleasing is automatically allowed under the law unless prohibited by the terms of the lease. Likewise, the last sentence of paragraph 12 (stating that any purported assignment or sublease would not relieve appellee of his obligations under the lease) is redundant again restating what automatically exists under the law. See Gholson, supra, paragraph one of the syllabus. In this context, the fact that the trial court's interpretation of the "primary tenant" language rendered it a redundancy is not an abuse of discretion.
Significantly, appellant presented no extrinsic evidence at trial that the use of the term "primary tenant" was intended to be a limitation on the amount of space that could be subleased. The stipulated evidence also indicates that appellee has leased more than fifty percent of the leased premises since 1985 and that appellant did not complain until 1999. Appellant's acquiescence over a period of many years is some indication that the applicable language was not intended as a limitation on appellee's ability to sublease the premises. See Abram Tracy, Inc. v.Smith (1993), 88 Ohio App.3d 253, 259 (actions of parties to a contract may assist in ascertaining the meaning of their agreement). Finally, it was not unreasonable that the trial court would conclude that the parties would have used more explicit language in the lease if they had intended to limit the amount of space that appellee could sublease at any given time.
For the foregoing reasons, we find that the trial court did not err in holding that paragraph 12 of the lease did not prohibit appellee from subleasing fifty percent or more of the leased premises. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.