OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiffs-Appellant, Windsor Properties, appeals the decision of the Columbiana County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Eric Smith. Windsor Properties argues the trial court erred by granting summary judgment to Smith rather than itself.
 {¶ 2} The arguments advanced by Windsor Properties in this appeal are meritless. The contract between the parties clearly gave Smith the right to rescind it if the property was substantially damaged after the agreement was signed, but before the closing. Smith's uncontradicted affidavit shows that this contingency occurred. The contract did not require that Smith rescind the contract in writing, so his oral statement that he intended to rescind the contract satisfies the terms of the contract. Smith raised this issue in both his answer and his motion for summary judgment and there is no reason to doubt the credibility of Smith's uncontradicted account of these facts. Thus, the trial court's decision granting summary judgment to Smith is affirmed.
 Facts {¶ 3} Windsor Properties owned real estate at 671 and 679 St. Clair Avenue in East Liverpool, Ohio. On April 12, 2003, Smith met with Joyce Wilson, a real estate agent, so he could purchase these two properties. After discussing the sale with her, he entered into a purchase agreement with Windsor Properties.
 {¶ 4} The purchase agreement gave Smith the right to inspect the property. It also gave him the right to rescind the contract if the property was substantially damaged prior to closing. On May 29, 2003, Sean Adkins, a representative of Windsor Properties, Smith, Wilson, and an expert went to inspect the property. At the site, Smith personally noticed that both the roof and interior of one of the properties had been damaged by a wind storm. He observed water damage in the building and was concerned there may have been more damage which could not be easily seen. Adkins told Smith that the estimated cost of repairs to the building would exceed $12,000.00. Smith then told Wilson that he was rescinding the contract.
 {¶ 5} On January 13, 2004, Windsor Properties filed a complaint seeking specific performance of the purchase agreement. Smith answered, raising, among other things, that he properly exercised his contractual right to rescind the purchase agreement. He also filed a third-party complaint against the real estate agency for the return of his earnest money. On December 30, 2004, Smith moved for summary judgment and attached an affidavit setting forth his version of events. Windsor Properties responded with a cross motion for summary judgment. It attached evidence indicating that Smith received a loan approval contingent upon an appraisal and that the property had been appraised.
 {¶ 6} The trial court granted Smith's motion for summary judgment on January 28, 2005. It concluded that Smith properly rescinded the contract due to the substantial damage to the property, dismissed the complaint, and ordered the real estate agency to return Smith's earnest money to him.
 Standard of Review {¶ 7} On appeal, Windsor Properties argues the following three assignments of error:
 {¶ 8} "The court erred by misconstruing the terms of the contract between the parties and basing their decision on all matters upon that improper construction."
 {¶ 9} "The court erred by granting the Defendant summary judgment based upon pleadings and an affidavit that the court found to contain untrue statements."
 {¶ 10} "The court erred by failing to grant the Appellant's motion for summary judgment."
 {¶ 11} In each of these assignments of error, Windsor Properties contends that the trial court erred by granting summary judgment to Smith. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co.
(1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit uer the applicable substantive law. Russellv. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 12} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 13} In this case, the trial court found that Smith was entitled to rescind the contract because the property was substantially damaged between the time the contract was signed and the closing and that he did not need to give notice of the rescission in writing. Windsor properties argues the trial court erred when reaching this conclusion for four reasons: 1) all of the conditions precedent in the contract were met; 2) the contract required that Smith give notice of rescission in writing; 3) Windsor properties did not admit that the property was substantially damaged; 4) the affidavit Smith relies upon in his motion for summary judgment is not credible; and, 5) Smith never raised the issue of rescission prior to the motion for summary judgment. Finally, Windsor Properties criticizes the trial court for never explicitly ruling on its motion for summary judgment and argues that its motion should have been granted. We will address each of these arguments, but will do so in a different order than they are presented to us.
 Terms of Contract {¶ 14} The construction of a written contract is a matter of law for the court. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus. When the terms of a contract are unambiguous, courts look to the plain language of the document and interpret it as a matter of law. Latina v.Woodpath Development Co. (1991), 57 Ohio St.3d 212, 214. If the contract's terms are unambiguous, a court may not interpret the contract in a manner inconsistent with those terms. Alexander
at 246.
 {¶ 15} The contract in this case is clear and unambiguous. It contains certain conditions precedent to performance. For instance, it required that Smith obtain a commitment for new financing from a lender within twenty days after the contract was accepted and placed time limits upon these conditions. The contract also gave Smith the right to have experts inspect the property and take action based on those inspections.
 {¶ 16} "9. Inspection of Physical Condition of Property. Buyer shall have the right to retain, at his expense, licensed experts including but not limited to engineers, geologists, contractors and structural pest control operators, to inspect the property for any structural and nonstructural conditions, including but not limited to matters concerning roofing, electrical, plumbing, heating, cooling, electrical appliances, well, septic tank, pool, survey, geological and environmental hazards, toxic substances including but not limited to asbestos, formaldehyde, radon gas and any items listed. Buyer, if required by Seller in writing, shall furnish Seller at no cost, copies of all inspection reports obtained. Buyer shall approve or disapprove in writing, all inspection reports obtained within the number of days specified. If seller does not agree in writing to correct any unacceptable conditions within three (3) days from receipt of such notice, Buyer may elect to terminate this agreement and all unused deposits shall be returned."
 {¶ 17} However, the contract also gave Smith the right to rescind the agreement if the property was substantially damaged prior to closing. It specifically provides:
 {¶ 18} "16. Damage or Destruction of Property: risk of loss to the property shall be borne by the Seller until closing. If the property is substantially damaged or destroyed prior to closing either party may rescind this Agreement.
 {¶ 19} "If any buildings or other improvements are damaged or destroyed prior to the delivery of the deed, Buyer shall have the option, (a) to receive the proceeds of the insurance payable in connection therewith, up to the amount of the purchase price, or (b) to terminate this agreement."
 {¶ 20} Nothing in the contract specifically stated that Smith's decision to terminate the contract under section nine or to rescind the contract under section sixteen had to be in writing to be effective.
 {¶ 21} In support of his motion for summary judgment, Smith attached an affidavit in which he stated that he, Adkins, Wilson, and an expert all went to inspect the property after the contract was signed, but before the closing. During that inspection, the expert found several problems, but the most substantial problems, the damage to the roof and interior of one of the buildings, were "personally observed" by Smith. That damage was caused by a wind storm that occurred after the agreement was signed, but before the inspection. Adkins, not the inspector, said the estimated cost of the repairs to the damage which could be seen would be $12,000.00. But Smith stated that he was also concerned that the structural components of the building were also damaged and that this could not be ascertained at the time. Smith said he told Wilson that he intended to rescind the contract before they left the property that day.
 {¶ 22} In response, Windsor Properties introduced evidence showing that National City Bank had considered loaning Smith the finances he needed pending an appraisal and that the property was appraised. Windsor Properties did not introduce any evidence disputing Smith's version of events on the day of the inspection.
 {¶ 23} Given the evidence in the record, we must conclude that Smith's decision to rescind the contract was based on his personal observation of the damage caused by the wind storm after the contract was entered into by the parties. The contract allowed Smith to rescind the agreement, which he did orally the day of the inspection, and did not require that he do so in writing. Therefore, given the facts in the record, Smith properly exercised his contractual right to rescind the agreement. Accordingly, the trial court properly granted summary judgment to Smith on this issue.
 {¶ 24} Windsor Properties' only arguments which could seriously challenge this conclusion are that Smith's affidavit lacks credibility and that Smith did not raise the issue before filing his motion for summary judgment. Each of these arguments is meritless.
 {¶ 25} Although Windsor Properties argues that the trial court found that Smith's affidavit was not credible, this is incorrect. Instead, it found there were genuine issues of material fact on other issues addressed within that affidavit. For instance, in his affidavit, Smith stated that National City Bank never informed him that it approved an appraisal. The trial court found there was a genuine issue of material fact on this issue given the evidence that Windsor Properties introduced. However, it did not find that Smith's affidavit lacked any credibility. The fact that there may be issues of fact surrounding portions of Smith's affidavit does not mean that all parts of the affidavit lack credibility. This argument is also meritless.
 {¶ 26} Second, Smith did not raise the issue of rescission for the first time in his motion for summary judgment; he raised it in his answer. It provided, in pertinent part:
 {¶ 27} "7. Further in his defense, Defendant states that if the contract was properly and legally formed, then such contract was thereafter rescinded, voided, and/or terminated by Defendant in accordance with the contract's terms."
 {¶ 28} Finally, Windsor Properties argues the trial court somehow erred by not specifically ruling on its motion for summary judgment. But when the trial court enters judgment without expressly determining a pending motion, the motion is generally considered impliedly overruled. Portofe v. Portofe,153 Ohio App.3d 207, 2003-Ohio-3469, at ¶ 16. There is no rule of law requiring a trial court to specifically deny one party's motion for summary judgment when granting the opposing party's motion for summary judgment.
 Conclusion {¶ 29} The arguments advanced by Windsor Properties in this appeal are meritless. The contract clearly gave Smith the right to rescind it if the property was substantially damaged after the agreement was signed, but before the closing. Smith's uncontradicted affidavit contains evidence that this contingency occurred. The contract did not require that Smith's intent to rescind be in writing, so his oral statement that he intended to rescind the contract satisfies the terms of the contract. Smith raised this issue in his answer and there is no reason to doubt the credibility of Smith's uncontradicted account of these facts. Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.