[Cite as *Everhome Mtge. Co. v. Meryo*, 2011-Ohio-3513.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| EVERHOME MORTGAGE | : | W. Scott Gwin, P.J. |
| COMPANY | : | William B. Hoffman, J. |
|  | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : |  |
|  | : | Case No. 11-CA-04 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| STEVEN A. MERYO | : |  |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Civil Appeal from Knox County
Court of Common Pleas Case No.
10FR08-0522

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 13, 2011

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

REBECCA N. ALGENIO                  STEVEN A. MERYO
SALLIE A. CONYERS                    P.O. Box 1353
Reisenfeld & Associates, LPA LLC     1505 Newark Road
3962 Red Bank Road                   Mount Vernon, Ohio  43050
Cincinnati, Ohio  45227

*Edwards, J.*

{¶1} Appellant, Steven A. Meryo, appeals a judgment of the Knox County Common Pleas Court entering summary judgment in favor of appellee EverHome Mortgage Company on a complaint for foreclosure.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} Appellee is the owner and holder of a note executed on October 19, 2001, by appellant and secured by a mortgage given by appellant. Appellant went into default on the note and appellee sent a notice of default and intent to accelerate. Appellee filed the instant complaint in foreclosure on August 20, 2010, alleging that appellant owes appellee $63,598.57 plus interest at the rate of 7.875 percent per annum from August 1, 2010.

{¶3} Appellant filed an answer alleging that appellee established an agreement with him for the past two years to accept payments, and appellee broke this agreement with him by filing the complaint in foreclosure.

{¶4} Appellee filed a motion for summary judgment supported by an affidavit which established that appellant had defaulted on the note, the obligations of which were secured by the mortgage, and the amount due was $63,598.57. In response, appellant filed a motion for summary judgment. On the same day he filed an "Exhibit to Defendant's Answer" which alleged that the parties had entered into an agreement to a "workout program" as an alternative to foreclosure. Receipts and letters were attached to the exhibit. However, neither the information in the exhibit itself nor the attachments were attested to or authenticated.

{¶5} The court entered summary judgment in favor of appellee. Appellant assigns four errors:

{¶6} "I. THE COMMON PLEAS COURT ERRED WHEN IT FAILED TO ACKNOWLEDGE THE DEFENDANT'S ANSWER.

{¶7} "II. THE COMMON PLEAS COURT ERRED WHEN IT FAILED TO ADDRESS THE DEFENDANT'S SUMMARY JUDGMENT.

{¶8} "III. THE COMMON PLEAS COURT ERRED WHEN IT FAILED TO ADDRESS THE ISSUE OF SUBSEQUENT AGREEMENTS.

{¶9} "IV. THE COMMON PLEAS COURT ERRED WHEN IT FAILED TO ADDRESS THE ISSUE OF FRAUD IN THE PLAINTIFF'S COMPLAINT."

I

{¶10} In his first assignment of error, appellant argues that the court erred in disregarding his answer and entering default judgment.

{¶11} The trial court entered default judgment against two of the named defendants in the case for failing to file an answer: Capital One Bank and Unknown Spouse, if any, of Steven Meryo. The court did not disregard appellant's answer. The court specifically stated at page two of the January 20, 2011 judgment, "The Court finds that the Defendant, Steven Meryo aka Steven A. Meryo, has filed an Answer in response to the Plaintiff's Complaint." The court went on to enter summary judgment against appellant, and did not enter default judgment or disregard the answer filed by appellant.

{¶12} The first assignment of error is overruled.

II

{¶13} Appellant argues that the court erred in failing to address his motion for summary judgment.

{¶14} When a trial court enters judgment without expressly ruling on a pending motion, the motion is generally considered to be impliedly overruled. *Portofe v. Portofe*, 153 Ohio App.3d 207, 792 N.E.2d 742, 2003-Ohio-3469, ¶16. A trial court is not required to specifically overrule one party's motion for summary judgment when granting the opposing party's motion for summary judgment. *Windsor Properties v. Smith*, Columbiana App. No. 05 CO 07, 2006-Ohio-495, ¶28.

{¶15} The court impliedly overruled appellant's motion for summary judgment when the court granted appellee's motion. The court was not required to expressly address appellant's motion. The second assignment of error is overruled.

III

{¶16} In his third assignment of error, appellant argues that the court erred in failing to address the issue of subsequent agreements.

{¶17} On November 1, 2010, appellant filed an "Exhibit to Defendant's Answer" which alleged that the parties had entered into an agreement to a "workout program" as an alternative to foreclosure. Receipts and letters were attached to the exhibit. However, the information included in the exhibit was not of affidavit quality, nor were the receipts, letters and other documents attached thereto authenticated.

{¶18} Civ. R. 56(C) provides in pertinent part:

{¶19} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of

evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶20}**  In the instant case, appellant presented nothing of evidentiary quality to support his claim that the parties entered into an agreement to work out his default on the note and avoid foreclosure.  The court therefore did not err in failing to find a disputed fact as to whether the parties entered into a subsequent agreement concerning repayment of the note.

**{¶21}**  The third assignment of error is overruled.

IV

**{¶22}**  In his final assignment of error, appellant argues the court erred in failing to address the issue of fraud in appellee's complaint.

{¶23}  It is not clear from the record what allegation of fraud appellant is referring to.  Appellant did not file a counterclaim for fraud, nor did he present any evidence of fraud in his motion for summary judgment.

{¶24}  The fourth assignment of error is overruled.

{¶25}  The judgment of the Knox County Common Pleas Court is affirmed.


By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____
                                                    JUDGES

JAE/r0525

[Cite as *Everhome Mtge. Co. v. Meryo*, 2011-Ohio-3513.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EVERHOME MORTGAGE<br>COMPANY | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN A. MERYO | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-04 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES