HOWELL ET AL., APPELLANTS, v. FRENCH, APPELLEE.

(No. 4007—Decided January 10, 1944.)

*Messrs. Geer, Lane & Downing,* for appellant Harold A. King.

*Mrs. Eva Epstein Shaw,* for appellant Helen R. Zadra, individually and as executrix.

*Mr. Dan H. McCullough,* for appellee.

*Mr. Benjamin H. Fisher, amicus curiae.*

STUART, J. This case comes into this court on appeal on questions of law from an order of the Common Pleas Court of Lucas county, vacating its former order confirming a sheriff's sale.

In the action below, a decree was entered foreclosing a mortgage and judgment lien upon certain real estate. Various orders of sale were issued to the sheriff. Although service of summons had been made upon the defendant, Alberta French, the owner of the real estate who had assumed and agreed to pay the mort-

gage, she was in default for answer or demurrer to the petition and cross-petition. Other than to apply for relief under the so-called Best Act, she made no appearance on the merits or as to the issues, until June 1, 1943, when she filed the motion here involved to vacate and set aside the confirmation of the sheriff's sale.

On September 30, 1942, the sheriff made his return of a sale to Helen R. Zadra. On October 14, 1942, a motion to confirm the sale was filed and an order of the court confirming the sale was entered on the journal of the court on May 25, 1943, a deed and distribution were ordered and a conveyance was made by the sheriff. On June 1, 1943, Alberta French filed her motion to vacate confirmation of the sale, which was granted, and it is of this action of the court that appellants King and Zadra complain.

As appears from the record, this sale was in all respects regular and according to law, and upon its confirmation and the delivery of the sheriff's deed the rights of the purchaser became fixed and vested, and, in the absence of fraud or irregularity, such rights could not thereafter be divested except by the act of the purchaser.

A purchaser at a judicial sale has certain rights which the court is bound to protect equally with the rights of the parties to the action. Neither disputes nor differences between the parties to the case, nor events occurring subsequent to the sale and confirmation, can affect the rights of the purchaser. The exercise of a sound discretion requires that these rights be recognized and protected by the courts.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.