WARREN PLAZA COMPANY, APPELLANT, *v.*
GIANT EAGLE, INC. ET AL., APPELLEES.

[Cite as *Warren Plaza Co. v. Giant Eagle, Inc.* (1992), 63 Ohio St.3d 497.]

(No. 90–1526—Submitted September 11, 1991—Decided April 15, 1992.)

*Ulmer & Berne* and *Marvin L. Karp; Richards, Ambrosy & Frederick* and *Charles L. Richards,* for appellant.

*Marcus & Shapira* and *Bernard D. Marcus; Henderson, Covington, Stein, Donchess & Messenger* and *James L. Messenger; Kohrman, Jackson & Krantz* and *Gregory M. Lichko,* for appellees.

The appeal is dismissed as moot.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., concurs separately.

HERBERT R. BROWN, J., concurring. I concur in the court's dismissal entry. However, I disagree as to the reasons for dismissal. This case may be factually moot, but I believe the issues it presents are capable of repetition, yet evading review.

Nonetheless I must concur in the dismissal entry because we lack jurisdiction to decide the case. Civ.R. 65(B)(2) allows a trial court to consolidate a preliminary injunction hearing with a trial on the merits. Here, the court of appeals held that the trial court consolidated without sufficient notice to all parties. The entire case was remanded for a hearing on the merits. Appellant did not timely appeal this ruling, and therefore the case is not properly before us.