PORTOFE et al., Appellants,

v.

PORTOFE et al., Appellees.

[Cite as *Portofe v. Portofe,* 153 Ohio App.3d 207, 2003-Ohio-3469.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 02 APO 773.

Decided June 19, 2003.

Tzangas, Plakas, Mannos & Recupero and Gary A. Corroto, for appellants.

Charles D. Hall, for appellees.

DeGenaro, Judge.

{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellants, Terry and Jane Portofe, appeal from the judgment of the Carroll County Common Pleas Court discharging the receiver and dissolving their partnerships with appellees, Fred and Linda Portofe. The issues we must decide are whether (1) the trial court erred by not conducting either an inventory or an appraisal before directing the sale of certain partnership equipment, (2) the trial court erred by not explicitly addressing issues raised in a motion filed by appellants, (3) the trial court should have set aside the sale of the equipment, and (4) this matter should be remanded to the trial court in order to file an amended final tax return. Because we answer all of these questions in the negative, the judgment of the trial court is affirmed.

{¶ 2} This case was instituted in 1996 and centered mainly around the business relationships between the parties and their subsequent breakdown. Both the procedural history and the facts in this case are extensive and largely irrelevant to this appeal, as the vast majority of transactions in this case have gone uncontested. Accordingly, only the facts and procedures relevant to the issues in this appeal will be provided.

{¶ 3} Terry and Fred owned a partnership known as Co–Star Oilfield Services and Linda and Jane owned a corporation known as M.C.F. Oil Co., Inc. In 1996,

their business relationships began to deteriorate. Jane filed a derivative action against Linda and sought dissolution of the corporation. Next, Terry filed a complaint against Fred and sought dissolution of the partnership. In response, Fred and Linda filed several counterclaims. Almost all of these claims were dismissed without prejudice by the trial court on September 26, 2001.

{¶ 4} The remaining claims involved the dissolution of both the corporation and the partnership. The trial court appointed a receiver to deal with many aspects of the dissolution of the two entities. The issues most relevant to this appeal concern (1) the valuation and sale of certain assets belonging to the partnership and corporation, (2) the sale of a block building owned by the partnership, and (3) the correctness of the final tax return. All of the outstanding issues were implicitly resolved when the trial court wound up both the partnership and the corporation and ultimately discharged the receiver on March 6, 2002. Appellants timely filed a notice of appeal from the March 6, 2002 journal entry.

{¶ 5} Appellants assert in their first of three assignments of error:

{¶ 6} "The trial court erred by not requiring a proper inventory and appraisal of the equipment in the receivership and by directing the sale of all of the equipment to Fred Portofe for $77,000.00."

{¶ 7} Appellants claim that the method in which the equipment was sold was improper. However, a review of the transcript regarding the sale indicates that if there was in fact any error committed, appellants invited it. More specifically, counsel for appellants stated, "We don't have any objection to the $77,000 price." Appellants then went on to object to the listed value of some wells and a building. Counsel for appellants further explained:

{¶ 8} "The issue on the seventy-seven [thousand dollars] is that in our initial lawsuit, we claim that the property's been converted over to Mr. and Mrs. Portofe's personal use or sold, and we would have no way of identifying that property without an inventory. We have the initial inventory, but we don't know what's changed since then. My client feels like he'd like to have an inventory of that property and of course I think we agreed that we wouldn't do that."

{¶ 9} This statement was explained further in the following dialogue:

{¶ 10} "Here's the question I have. If we were prepared to accept Mr. Smith's offer of seventy-five, lock, stock and barrel, without any indication of conversion or who owns what, then what is the difference if Mr. Portofe, Mr. Fred Portofe gets it all for seventy-seven thousand on the same terms. That's why we weren't going to do the inventory. * * *

{¶ 11} "Well that's the point, whether he buys it, your client buys it, or a third party buys it, we were trying to avoid the expense of the inventory because of the

near impossibility to do it and we didn't really care where the money came from, as long as it was a package deal. The person who bought it was responsible for it and assumed all liability with the EPA and everybody else."

{¶ 12} After this dialogue took place, the trial court proceeded without objection to direct the sale of the equipment to Fred Portofe for $77,000. Appellants now claim that the court should have required both an appraisal and an inventory of the equipment. However, "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus. Thus, a party waives the right to contest an issue on appeal if that issue was not raised at the appropriate time in the trial court. See *Klein v. Dietz* (Dec. 16, 1998), 7th Dist. No. 95 CA 47, 1998 WL 896345.

{¶ 13} In the present case, we find it significant that appellants not only failed to object to the manner in which the equipment was sold, they encouraged the method of sale due to the difficulty of performing an inventory and appraisal, in addition to the fact that the property would be subject to EPA liability. Therefore, we conclude that appellants cannot properly raise this assignment of error as it has been waived.

{¶ 14} Appellants assert as their second assignment of error:

{¶ 15} "The trial court erred by failing to address the issues raised in the motion for hearing on outstanding issues regarding Co–Star Oilfield Services."

{¶ 16} Ohio law is well established that where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion. Generally, when the trial court enters judgment without expressly determining a pending motion, the motion is also considered impliedly overruled. *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858, paragraph two of the syllabus; *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879; *Shaffer v. Shaffer* (1996), 109 Ohio App.3d 205, 671 N.E.2d 1317; *Georgeoff v. O'Brien* (1995), 105 Ohio App.3d 373, 663 N.E.2d 1348; *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001.

{¶ 17} In the present case, the trial court's decision not to rule on the motion for hearing on outstanding issues regarding Co–Star Oil Field Services, which among other things requested the trial court to set aside the sale of the equipment, served as a denial of that motion. When the trial court dismissed the receiver and concluded the case, the trial court, in effect, denied all outstanding

motions before it and directed the litigation to a close. Therefore, we must presume that all of appellants' requests were denied.

{¶ 18} Although appellants do not specifically assign this denial as error, they do raise the trial court's failure to set aside the sale of the equipment in an issue presented for review. More specifically, appellants claim:

{¶ 19} "As to assignments of error Nos. 1 and 2, did the court commit error by failing to set aside the sale of the equipment to Fred Portofe based upon the evidence presented in the motion for hearing on outstanding issues regarding Co-Star Oilfield Services?"

{¶ 20} In their motion, appellants basically argue that the receiver did not fully inform the trial court of all of the circumstances surrounding the bids for the equipment. According to appellants, they had an appraiser, Mr. Young, look at several pieces of the equipment prior to the sale. Mr. Young attested, in an affidavit attached to the motion, that he would have placed a bid for $67,500 for the equipment, plus a percentage of the equipment if a sale brought a certain amount exceeding $67,500. Mr. Young also testified that the equipment would bring between $100,000 and $200,000 at a properly managed and advertised public auction.

{¶ 21} Mr. Young stated in his affidavit that the night after he had placed his bid on the equipment, Fred Portofe had called and threatened him. Portofe allegedly said that he would blow up the equipment and shoot himself. Mr. Young and his business associate Mike Smith decided not to go forward with the bid. Finally, Mr. Young stated that at the time of his bid, there was a "mini-boom" in the oilfield-equipment business and that a sale during that time period would have brought the optimal price for the equipment.

{¶ 22} Appellants now argue that the trial court should have set aside the sale of the equipment based on this information contained in their motion filed three and a half years after the sale of the equipment. As appellants concede in their brief, the law regarding the setting aside of a judicial sale in the context of a partnership dissolution is sparse. However, there are a few older cases which provide some guidance.

{¶ 23} For example, in *St. Joseph Mtge. Co., Inc. v. Allison* (Dec. 13, 1985), 7th Dist. No. 85–C–10, 1985 WL 4457, this court stated:

{¶ 24} "It is incumbent upon the trial courts to preserve public reliance in judicial sales and courts should refuse to set aside such sales for insubstantial reasons or for matters which should have been attended to by the complaining party prior thereto. *Dairymen's Cooperative Sales Co., Inc. v. Frederick Dairy Inc.*, 17 Ohio Law Abs. 690 [1934 WL 2577] (Court of Appeals, 7th District—1934)." Id. at * 1.

{¶ 25} Similarly, in *Bishop v. Howe* (June 29, 1987), 2d Dist. No. CA 10307, 1987 WL 13632, the Second District dealt with a partition sale involving cotenants. The court explained:

{¶ 26} "While it is true that partition sales are to achieve equity for co-tenants, a court must consider the rights of all parties. See 64 Ohio Jurisprudence 3d (1985) 185, 186, Judicial Sales, Section 86; *Myers v. Duibley* (1952), 94 Ohio App. 228 [51 O.O. 393, 114 N.E.2d 832]. Indeed, the rights of the third-party purchasers are equal to those of the original parties to the action. *Howell v. French* (1944), 74 Ohio App. 257 [29 O.O. 372, 58 N.E.2d 237]. Therefore, to do equity to all parties, confirmed judicial sales will be considered final except upon a showing of fraud or serious irregularity. See 64 Ohio Jurisprudence 3d (1985) 191, 192, Judicial Sales, Section 90; *Ozias v. Renner* (1946), 78 Ohio App. 168 [33 O.O. 505, 64 N.E.2d 326]; *Dairyman's Co–Op Sales Co. v. Frederick Dairy* (1934), 17 Ohio Law Abs. 690 [1934 WL 2577]." Id. at * 3.

{¶ 27} In the present case, the judicial sale of the equipment occurred in January 1997. However, appellants did not request that the sale be set aside until June 2000. Appellants waited too long to challenge the validity of the sale. The parties agreed prior to the sale that an inventory of the equipment would be very difficult. After the passage of three years, it appears as if it would be nearly impossible to gather up and revalue the equipment. In light of these facts, we conclude that the trial court did not err by failing to set aside the sale of the equipment.

{¶ 28} Appellants assert as their third and final assignment of error:

{¶ 29} "This matter should be remanded to the trial court for further proceedings regarding the inclusion of the block building as an asset on the final tax return of the Co–Star partnership."

{¶ 30} Essentially, appellants claim that they were denied the tax benefits of having the building listed on their final tax return. We cannot properly address this argument for two reasons. First, the record does not contain a copy of the disputed tax return. Although it is mentioned by both the parties and the trial court, it was never made part of the trial court's file. It is well settled that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, then the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. Thus, we have no choice but to affirm the trial court's judgment with respect to this alleged error.

{¶ 31} Second, even if we had the tax return before us, it appears that appellants waived this error by failing to object in the trial court. Notably, on March 6, 2002, the trial court issued a judgment entry stating, "To date hereof, the court has not received any objections from counsel or any party to either the final account or tax returns." Consequently, this assignment of error also fails for much the same reason as appellants' first assignment of error.

{¶ 32} Accordingly, appellants' assignments of error are meritless, and the judgment of the trial court is affirmed.

Judgment affirmed.

WAITE, P.J., and VUKOVICH, J., concur.