OPINION
{¶ 1} Defendant-appellant, Vincent Davis, appeals from the February 10, 2003 judgment entitled "Objection to Magistrate Decision," in which the Franklin County Municipal Court entered judgment for plaintiff-appellee, Alyce Seff, in the amount of $1,450. For the reasons that follow, we affirm.
 {¶ 2} This controversy began in May 2001, when appellee and appellant entered into a contract for roofing services. Appellant was to re-roof an office building located at 724 South Parsons and to install a new gutter system on a home at 584 East Sycamore. Appellee was the owner of both properties. The contract specified a price of $3,000 for the work, but the actual amount paid by appellee was $3,400.
 {¶ 3} On March 9, 2002, the roof at 724 South Parsons blew off the property, and appellee contacted appellant to repair the roof. Appellant arrived at approximately 4:30 p.m. and looked at the roof. He promised to return the following day to begin the repairs, but he did not show up and did not respond to appellee's requests to make the repairs. On March 18, 2002, appellee hired another individual to repair the roof at a cost of $1,450 in labor and $137.24 in materials.
 {¶ 4} On March 19, 2002, appellee filed suit against appellant in small claims court seeking $1,587.34 in damages for failing to perform the work under the contract in a workmanlike manner. On April 15, 2002, appellee amended her complaint to include allegations of negligence in the installation of the roof gutters at the 584 East Sycamore address and increasing the amount of damages sought to $3,000. A magistrate heard the case on June 5, 2002. Both parties appeared pro se.
 {¶ 5} On June 20, 2002, the magistrate issued a decision in favor of appellee, finding that appellant had not completed the job and, as a result, appellee was required to hire another individual to complete the roof. The magistrate awarded judgment for appellee in the amount of $3,000. The trial court adopted the magistrate's decision on June 25, 2002.
 {¶ 6} On July 2, 2002, appellant, now represented by counsel, filed objections to the magistrate's June 20, 2002 decision and requested a trial de novo. On August 2, 2002, the trial court directed the magistrate to prepare findings of fact and conclusions of law because a transcript of the proceedings did not exist. On August 21, 2002, the magistrate issued an amended decision including findings of fact and conclusions of law. The magistrate concluded that appellant failed to perform the work in a workmanlike fashion, and awarded appellee damages in the amount of $1,950 representing the difference between the amount appellee paid appellant and the amount which appellee was required to pay another contractor to do the repair work.
 {¶ 7} Appellant filed objections to the amended decision, arguing that when he appeared before the magistrate pro se, he did not know what evidence to present and that hurricane force winds had hit Columbus on the day appellee's roof blew off. Therefore, appellant claimed the damage to appellee's roof was an act of God.
 {¶ 8} On September 24, 2002, the trial court put on an entry stating that the magistrate did not adequately explain the factual basis for the two different judgments. Accordingly, the trial court set the matter for trial before the court.
 {¶ 9} On December 19, 2002, the trial court put on another entry indicating the parties appeared for a scheduled trial. The trial court discussed with the parties appellant's motion to compel discovery, and ordered appellee to respond to appellant's interrogatories, ordered the parties to exercise due diligence to retrieve or reproduce photographs that had been shown to the magistrate. Based on what information the trial court received about the status of the photographs, the trial court stated it would consider appellee's request to refer the case to the magistrate. The trial court also noted the parties had engaged in settlement discussions.
 {¶ 10} On January 13, 2003, appellee filed her responses to appellant's interrogatories.
 {¶ 11} On January 28, 2003, the magistrate issued another amended decision including findings of fact and conclusions of law. The magistrate concluded that appellant failed to perform the work in a workmanlike fashion, thereby rendering him liable for damages measured by the costs to repair the deficient work. The magistrate concluded that appellee was entitled to $1,450, which represented the costs incurred to repair the items of work found to be deficient.
 {¶ 12} Appellant objected to the magistrate's latest decision, and asked the trial court to consider additional evidence of high winds and to conduct its own trial.
 {¶ 13} On February 10, 2003, the trial court overruled appellant's objections, adopted the magistrate's decision, and entered judgment for appellee in the amount of $1,450.
 {¶ 14} Appellant has appealed, assigning as error the following:
Assignment of error #1:
The trial court erred because it was an abuse of discretion for the trial court to sustain the defendant-appellant's objections to the magistrate's report and recommendation, order a new trial, and then overrule those same objections without granting the new trial.
Assignment of error #2:
The trial court erred because the judgment is not supported by competent, credible evidence going to all the essential elements of the case.
Assignment of error #3:
The trial court erred because there was no expert testimony to establish that the failure to perform in a workmanlike manner was the cause of any damage sustained by the plaintiff-appellee.
Assignment of error #4:
The trial court erred because it failed to consider the defendant-appellant's evidence that the damage to the plaintiff-appellee's roof was caused by an act of God.
Assignment of error #5:
The trial court erred in granting judgment for the plaintiff-appellee because there was no evidence of the reasonableness of the costs of the plaintiff-appellee's repairs.
 {¶ 15} In his first assignment of error, appellant argues the trial court ordered a new trial, and then without an explicit order reversed itself, overruled the same objections which had previously been sustained, and entered judgment for appellant.
 {¶ 16} It is well-established that "[w]hen a trial court fails to rule on a motion, the appellate court presumes that the trial court overruled the motion." Brannan v. Fowler (1995), 100 Ohio App.3d 577,581. Similarly, when the trial court enters judgment without expressly determining a pending motion, the motion is also considered impliedly overruled. Portofe v. Portofe, 153 Ohio App.3d 207, 210, 2003-Ohio-3469, citing Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347;Hayes v. Smith (1900), 62 Ohio St. 161; Shaffer v. Shaffer (1996),109 Ohio App.3d 205; Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373;Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 169.
 {¶ 17} In the present case, it is clear that the trial court conducted a status conference in lieu of trial on December 19, 2002, that the trial court considered certain discovery matters, and that the trial court took under advisement appellee's request to have the matter referred to the magistrate. After appellee filed her responses to appellant's interrogatories, and it became clear that certain photographic evidence that was presented at trial had been lost, it appears that the trial court decided to "re-refer" the matter to the magistrate. While the better practice would have been for the trial court to specifically refer the matter to the magistrate, the failure to do so is harmless. When the magistrate issued a second amended decision, and the trial court adopted the magistrate's decision, it is clear that the trial court had appropriately exercised its discretion to allow the magistrate to reconsider the matter. Finally, when the trial court adopted the magistrate's decision and concluded the case, the trial court, in effect, denied all outstanding motions before it and directed the litigation to a close. In its order, the trial court specifically indicated that appellant was not entitled to a new trial simply because he disagreed with the magistrate's conclusions. Therefore, appellant's request for a trial de novo was denied. Appellant's first assignment of error is not well-taken.
 {¶ 18} In his second, third, and fifth assignments of error, appellant argues there was a failure of proof because appellee did not offer expert testimony of the alleged failure to perform roofing repairs in a workmanlike manner, or to link any alleged failure to the damages sustained, or to show the amount paid to the second contractor was reasonable.
 {¶ 19} Builders and contractors have a duty to perform their services in a workmanlike manner. Jenkins v. Huebner (Feb. 22, 2002), Van Wert App. No. 15-01-12; Barton v. Ellis (1986), 34 Ohio App.3d 251, 253;Mitchem v. Johnson (1966), 7 Ohio St.2d 66; Velotta v. Leo PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 376. Workmanlike manner is a standard that requires a construction professional to act reasonably and to exercise that degree of care which a member of the construction trade in good standing in that community would exercise under the same or similar circumstances. 2 Restatement of Law 2d, Torts (1965) 73, Section 299A. See, also, Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217.
 {¶ 20} However, expert testimony is not necessary to establish the elements of appellee's case. Small claims court is a "layman's forum," and any attempt to require expert testimony is an undue burden on the plaintiff. Stull v. Budget Interior, Belmont App. No. 02 BA 17, 2002-Ohio-5230. The rules of civil procedure are relaxed and the rules of evidence are inapplicable in small claims actions. Id., citing Feinsteinv. Habitat Wallpaper Blinds (Dec. 22, 1994), Lynhurst App. No. 67419. Moreover, Evid.R. 101(C)(8) expressly states that the Ohio Rules of Evidence are not applicable to proceedings in small claims court.
 {¶ 21} Here, the court had some reliable evidence in the testimony of Mr. Lorenzo McDonald, a contractor, who testified that the roof became unattached because there was an inappropriate amount of adhesive used, that there was no drip edge on the roof, and that scrap material had been used instead of the new materials called for in the contract. In addition, the rolled roofing had not been tucked underneath the shingles properly, and there were holes that were filled with asphalt sealant which contributed to the roof becoming unattached. The magistrate also found that Mr. McDonald made the necessary repairs to the roof at a cost to appellee of $1,450. This evidence was sufficient to support the findings of the magistrate. Finally, during the course of our review, we have been guided by the principle that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The underlying reason for deference is that the trier of fact is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Appellant's second, third and fifth assignments of error are not well taken.
 {¶ 22} In his fourth assignment of error, appellant asserts the trial court erred in failing to consider his proffered evidence that the actual cause of the damage to appellee's roof was a result of high winds that swept through Columbus on the date in question. Appellant has presented no authority that permits him to attempt to relitigate his case by presenting new evidence in the form of affidavits and attachments to his objections. The fourth assignment of error is not well taken.
 {¶ 23} Based on the foregoing, appellant's five assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Watson and Sadler, JJ., concur.