{¶ 28} I cannot agree with the majority's conclusion because the appellees were not entitled to relief from judgment under Civ.R. 60(B). Civ.R. 60(B) is not a substitute for a direct appeal and the arguments the appellees raised in their motion for reconsideration were all issues which could have been raised in a direct appeal. Accordingly, the trial court's decision to vacate its grant of summary judgment should be reversed. The parties did directly appeal from the granting of summary judgment. This Court improvidently dismissed that appeal because of the trial court's subsequent decision vacating its decision. That appeal should be reinstated and the parties should be given the opportunity to address whether or not the trial court properly granted summary judgment in the first place.
 {¶ 29} In this case, the trial court entered an opinion granting summary judgment to the appellants and ordered the appellants' counsel to prepare a judgment entry. The appellees filed a motion for reconsideration of this decision before that judgment entry was prepared and filed. The trial court filed its decision granting summary judgment to the appellants. After the trial court journalized its decision, it held a hearing on the motion for reconsideration. It then granted the motion to reconsider its opinion and vacated its prior entries granting summary judgment to the appellants.
 {¶ 30} This situation is a bit unique due to the peculiar procedure employed by the trial court of issuing its opinion and ordering a party to prepare a judgment entry conforming to that opinion. Thus, when the appellees filed their motion for reconsideration, there was no order for the trial court to reconsider and no need for the appellees to conform their motion to the dictates of Civ.R. 60(B). The trial court set a date to orally hear the motion, but prior to that date it filed the judgment entry granting summary judgment to the appellants. Normally, we would conclude that the trial court implicitly denied the motion for reconsideration when it filed the entry granting summary judgment. Portofe v. Portofe,153 Ohio App.3d 207, 2003-Ohio-3469, ¶ 16. Accordingly, once the trial court entered judgment, the motion was no longer pending before it. Civ.R. 60(B) specifically requires that a motion activate it.Musca v. Village of Chagrin Falls (1981), 3 Ohio App.3d 192,194. Since no motion was filed after the trial court entered judgment, the trial court had no basis for exercising its powers under Civ.R. 60(B) and abused its discretion when it granted relief from judgment.
 {¶ 31} However, even if we overlook the fact that the motion was filed before the trial court granted judgment, we cannot affirm its decision to grant relief from that judgment. The Ohio Supreme Court has unequivocally stated that a party may not use a Civ.R 60(B) motion as a substitute for a timely appeal. Doe v.Trumbull County Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. Accordingly, one cannot directly attack a judgment in a Civ.R. 60(B) motion. Internatl. Lottery,Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 668. The appellees' motion for reconsideration argues that the trial court granted summary judgment on an issue not addressed in appellants' motion for summary judgment. Thus, it is nothing more than a direct attack on the trial court's decision. Accordingly, the issues raised in that motion are not a proper basis for Civ.R. 60(B) relief.
 {¶ 32} The majority's opinion brushes over this issue. In their motion for reconsideration, the appellees argued that the appellants' motion for summary judgment did not address whether the land was in a dangerous condition at the time of the accident. They stated that an expert witness opined that it was. The majority states that this is a valid reason for Civ.R. 60(B)(5) relief, which allows a trial court to vacate its judgment for "any other reason justifying relief from the judgment," because "it is apparent that appellees found an expert witness who suggested that the dangerous condition of the land was one cause of the incident." Opinion at ¶ 23. Clearly, this is not a proper description of what actually happened in the trial court.
 {¶ 33} Finally, even if the appellees did argue that they were entitled to Civ.R. 60(B) relief because they discovered an expert who would testify in their favor on a material issue, this would not constitute grounds for relief under Civ.R. 60(B)(5) since the record demonstrates that the evidence was discovered prior to the court's journalization of its judgment. "The grounds for invoking Civ.R. 60(B)(5) should be substantial" and only matters of an extraordinary nature fall within its purview.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph two of the syllabus; Cuervo v. Snell (1998),131 Ohio App.3d 560, 565; see also Staff Note to Civ.R. 60(B)(5)). Even if this Court has acknowledged that Civ.R. 60(B)(5) should only be used in "rare", "extraordinary", and "unusual" cases. Sharickv. Sharick, 7th Dist. Nos. 00CA123, 00CA234, 2001-Ohio-3418, 2001-Ohio-3419; Binger v. Binger, 7th Dist. Nos. 493, 509, 2001-Ohio-3349.
 {¶ 34} The facts in this case are neither rare, extraordinary, or unusual. If the appellees' motion is correct, then the trial court erred by granting summary judgment on an issue not before it. This would properly be the subject of a direct appeal and, therefore, not the grounds for relief under Civ.R. 60(B). If the appellees were incorrect and the issue of whether or not the ground was in a dangerous condition was before the trial court, then they made a mistake by not submitting all the evidence at their disposal in response to the appellant's motion for summary judgment. This is not grounds for relief under Civ.R. 60(B)(5). Accordingly, I would reverse the trial court's decision and reinstate the judgment entries granting summary judgment to the appellants.
 {¶ 35} The problem in this case is that this Court dismissed the parties' direct appeal from the decision granting summary judgment because the trial court's decision to vacate its prior judgments "arguably moots" whether those prior judgments were correct. This judge did not sign the dismissal entry. That decision ignored the fact that the grounds for relief under Civ.R. 60(B) must be different than those which could form the basis of a direct appeal. The fact that a trial court has subsequently vacated a final order can never moot a direct appeal from that order. This Court's actions effectively prevented the appellees from ever being able to make the same argument to this Court that they did in their motion for reconsideration. This was improper.
 {¶ 36} Accordingly, in addition to reinstating the trial court's original judgment entries, I would also reinstate the parties' direct appeal from that entry. This Court should not compound one mistake with another.