DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Alan E. Junke, appeals from the judgment entry of the Medina County Court of Common Pleas, which denied his post-decision motion that was asserted as a motion for relief from judgment, or alternatively, an application for reconsideration. We affirm.
 {¶ 2} On July 11, 2001, Mr. Junke filed a complaint with the Hinckley Township Zoning Department, expressing his opposition to a wood shed on his neighbor's property. The following day, a local zoning inspector responded to Mr. Junke with a letter stating that he had investigated the complaint and found the neighbor in compliance with the zoning code. Mr. Junke formally appealed to the Hinckley Board of Zoning Appeals (the "BZA").
 {¶ 3} On October 24, 2001, the BZA conducted a hearing to consider the appeal, heard evidence, and ultimately voted a unanimous affirmance of the zoning inspector's decision. The minutes were approved, and the decision was journalized on November 14, 2001. On November 26, 2001, Mr. Junke filed a notice of appeal with the Medina County Court of Common Pleas, pursuant to R.C. 2506.01.
 {¶ 4} On September 24, 2002, the Common Pleas Court found that all the material facts were before the court and affirmed the BZA decision. However, it appears undisputed that neither party received actual notice of the September 24, 2002 decision until May 1, 2003. Mr. Junke responded on May 2, 2003, but rather than appeal, Mr. Junke chose to file a post-decision motion for relief in the common pleas court, alternatively titled "Motion for Relief from Judgement [sic]" or "Application for Reconsideration." On August 11, 2003, the Common Pleas Court responded with a succinct judgment entry comprising a single sentence: "Having determined that all legal issues have been addressed, the Court hereby withdraws from any further proceedings in these cases." Thus, the trial court denied the post-decision motion for relief by foreclosing any further consideration. On August 22, 2003, Mr. Junke filed a notice of appeal with this Court.
 {¶ 5} On October 6, 2003, the BZA filed a motion to dismiss Mr. Junke's appeal as untimely, arguing that Mr. Junke was actually appealing the September 24, 2002 decision. Mr. Junke responded on October 17, 2003, but did not clarify, ambiguously stating: "The appellant is appealing the [trial court's] failure to rule on the motion for relief and its failure to properly serve notice of any of its actions." Finding that Mr. Junke was improperly seeking to appeal the September 24, 2002 decision, this Court dismissed Mr. Junke's appeal as untimely.
 {¶ 6} On November 7, 2003, Mr. Junke filed an application for reconsideration with this Court, stating: "This appeal was filed based upon the August 11, 2003 ruling not the September 24, 2002 ruling (see notice of appeal)." Mr. Junke further stated: "This appeal is based upon the trial court's failure to grant the relief sought by that [May 2, 2003] motion." On November 24, 2003, this Court granted Mr. Junke's application for reconsideration and reinstated his appeal of the August 11, 2003 order. Therefore, Mr. Junke's appeal is predicated on and necessarily limited to the terms of the August 11, 2003 order, which denied his motion for relief from judgment or application for reconsideration.
 {¶ 7} In his subsequent brief, Mr. Junke asserts seven assignments of error. However, only one assignment of error is even arguably related to the August 11, 2003 order. Amazingly, and directly repudiating his prior assertions to this Court, Mr. Junke candidly admits that he has attempted to disregard and circumvent this Court's November 24, 2003 grant of his appeal, arguing in his brief:
"It is relief from the September 24, 2002 Entry that Mr[.] Junke seeks in this appeal. To protect his rights, Mr[.] Junke cites all other errors that flow from the lower court's September 24, 2002 ruling. With an eye toward judicial economy, Mr[.] Junke has briefed these errors. These errors may not be ripe for review by this Court at this time. If so, this Court should remand this case and order the lower court to grant relief and assure service of its Entry. At that point Mr[.] Junke could again appeal the lower court's errors."
 {¶ 8} Therefore, Mr. Junke's six other assignments of error are addressed together, because they are all equally beyond the scope of this appeal.
 II. A. First Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion when it failed to rule on Mr[.] Junke's may 2, 2003 motion for relief from its judgement [SIC] and resolve all outstanding issues before withdrawing itself from the case."
 {¶ 9} Reading his filings with an eye most favorable to Mr. Junke, his first assignment of error essentially avers that the Medina County Common Pleas Court improperly denied his May 2, 2003 motion for post-decision relief. We disagree.
 {¶ 10} As a preliminary matter, we find that any argument by Mr. Junke that the trial court failed to rule on the motion is without merit. Ohio law is well settled that a trial court's final decision impliedly denies outstanding motions. Seff v.Davis, 10th Dist. No. 03AP-159, 2003-Ohio-7029, at ¶ 16, citingHayes v. Smith (1900), 62 Ohio St. 161, 189 (where a court fails to rule on a motion, it will be presumed to have overruled it). On August 11, 2003, the Common Pleas Court issued a Judgment Entry, holding that "all legal issues have been addressed[,]" impliedly denying Mr. Junke's motion and deeming the case complete.
 {¶ 11} When reviewing a trial court's decision on a Civ.R. 60(B) motion, we may not overturn the trial court unless it abused its discretion. Rose Chevrolet, Inc. v, Adams (1988),36 Ohio St.3d 17, 20. Substantively, to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate:
"(1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" GTE AutomaticElec. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 12} The party seeking relief from judgment bears the burden of producing facts to support the grounds asserted for relief. Rose Chevrolet, Inc., 36 Ohio St.3d at syllabus. However, a Civ.R. 60(B) motion cannot be used as a substitute for an appeal. State ex rel. Bragg v. Seidner, 92 Ohio St.3d 87,87, 2001-Ohio-152, citing Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91. Furthermore, "[a]n omission by the court, in and of itself, is not a reason to grant a party relief from judgment unless it resulted in material prejudice." Yonkof v. NorthRidgeville Bd. of Zoning Bldg. Appeals (July 30, 1997), 9th Dist. No. 96CA006485 (overruling claim for relief because omitting a hearing did not necessarily prove prejudice).
 {¶ 13} In both his written motion and his brief on appeal, Mr. Junke's sole complaint is that he did not receive timely notice of the September 24, 2002 judgment entry. Despite receiving actual notice of the decision on or before May 2, 2003, when Mr. Junke filed his motion for relief, he contends that the judgment entry should be stricken due to the failure of service. Notably, the terse arguments offered by Mr. Junke in these two documents do not include any reference to Civ.R. 60(B), any legal citation to statute or case law, or any proof beyond his allegations. Mr. Junke has failed to demonstrate that he is entitled to relief under one of the grounds stated in Civ.R. 60(B). See GTE Automatic Elec., 47 Ohio St.2d at paragraph two of the syllabus. This failure alone is enough to overrule Mr. Junke's motion. Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877, at ¶ 34 (overruling motion because "appellant did not legally support his position in any way[, the] brief on appeal similarly makes no citation either to Civ.R. 60(B) * * * or to any applicable law[, and] the assignment of error does not comport with the dictates of App.R. 16(A)"). See Loc.R. 7(A)(6).
 {¶ 14} Moreover, Mr. Junke has not averred any arguments supported by facts to establish that he has a meritorious defense or claim to present in the event that the motion for relief from judgment is granted. See GTE Automatic Elec., 47 Ohio St.2d at paragraph two of the syllabus. Mr. Junke contends that the failure of service of the September 24, 2002 judgment entry denied him knowledge of the decision until May 2003, claiming that this was improper and should dictate relief. However, Mr. Junke has failed to demonstrate that this late notice resulted in any material prejudice to him or his underlying claim. SeeYonkof, supra. Mr. Junke presented his claims to the Common Pleas Court, and the court rendered its final decision against him in its September 24, 2002 judgment.
 {¶ 15} We find that Mr. Junke has failed to provide grounds for relief under Civ.R. 60(B), and that therefore, the Common Pleas Court did not abuse its discretion in denying his motion for relief from judgment. Accordingly, Mr. Junke's first assignment of error is overruled.
 B. Second Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion when it failed to conduct a hearing for submission of additional evidence pursuant to ohio law when it was shown that the Hinckley Township board of zoning appeals failed to supply the lower court with a full transcript that was available, did not allow Mr[.] Junke to cross-examine witnesses and did not allow Mr[.] Junke to place evidence into the record."
 Third Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion when in it failed to consider and rule on Mr[.] Junke's arguments concerning the constitutionality and equal protection issues raised by Mr[.] Junke on Hinckley Township's zoning resolution and the Hinckley Township Board of zoning appeals' determination."
 Fourth Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion by failing to recognize the unconstitutionality of Hinckley Township's zoning resolution and the Hinckley Township Board of zoning appeals' determination based on the conflict between these and the `General Laws' of Ohio."
 Fifth Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion by not overruling the hinckley township board of zoning appeals' determination because their deliberations on Mr[.] Junke's appeal were conducted in `executive session'. [SIC] Ohio revised code 121.11 requires that public meetings take place in front of the public and forbids public bodies from deliberating in executive session."
 Sixth Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion when in affirmed the Hinckley Township Board of zoning appeals' determination when the Hinckley Township board of zoning appeals' determination was not supported by the evidence, the facts or the law."
 Seventh Assignment of Error
"The Medina County Common Pleas Court erred and abused its discretion when in it failed to apply the proper standard of review to Mr[.] Junke's appeal."
 {¶ 16} In each of these six assignments of error, Mr. Junke challenges the trial court's September 24, 2002 decision on the merits. However, we have expressly recognized that this appeal was limited to the trial court's August 11, 2003 denial of Mr. Junke's May 2, 2003 motion for relief from judgment.
 {¶ 17} In a journal entry dated October 29, 2003, this Court dismissed Mr. Junke's attempted appeal as untimely. Specifically, we stated:
"[Mr. Junke] has failed to provide this [C]ourt with certified copies of the trial court's docket demonstrating an absence of service. See Loc.R. 1.2. Additionally, the order setting forth the court's decision was entered on September 24, 2002. The appeal is untimely. See App.R. 4(A)[.]"
 {¶ 18} This Court reinstated the appeal on Mr. Junke's urging that he filed the appeal based upon the August 11, 2003 ruling, and not the September 24, 2002 ruling. Acknowledging his disregard for the limited grant of this appeal, Mr. Junke argued in his brief: "It is relief from the September 24, 2002 Entry that Mr[.] Junke seeks in this appeal. To protect his rights, Mr[.] Junke cites all other errors that flow from the lower court's September 24, 2002 ruling." However, Mr. Junke did not timely appeal the September 24, 2002 decision. Accordingly, this Court has no authority to address those assignments of error.
 III. {¶ 19} Mr. Junke's first assignment of error is overruled. Mr. Junke's remaining assignments of error are not addressed. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Concurs.
Carr, P.J., Concurs in judgment only.