OPINION
{¶ 1} Plaintiff-appellant, Ohio Service Group, Inc., appeals from a judgment of the Franklin County Court of Common Pleas that, among other things, denied plaintiff's verified motion to enforce an agreed judgment. Because the common pleas court deprived plaintiff of procedural due process, we reverse in part the judgment of that court and remand the matter.
 {¶ 2} In a verified first amended complaint that sought monetary and injunctive relief, plaintiff sued Integrated Open Systems, L.L.C., Roger G. Edwards, Marsha L. Edwards, and W.E. Monks Company in the court of common pleas. Plaintiff alleged, [D1] among other things, that: (1) Roger G. Edwards was a former employee of an affiliated company of plaintiff; (2) Roger G. Edwards was a former shareholder in Ohio Service Group, Inc.; (3) Integrated Open Systems, L.L.C., was established with Marsha L. Edwards as the company's authorized representative and Roger G. Edwards as the company's statutory agent; (4) Integrated Open Systems directly competed against plaintiff; (5) defendants misappropriated trade secrets from plaintiff in violation of R.C. 1333.61 et seq.; (6) defendants violated a non-competition provision of a shareholder agreement; (7) defendants disclosed confidential information thereby breaching a share reduction agreement; (8) Roger G. Edwards breached a fiduciary duty to plaintiff; and (9) W.E. Monks Company, which hired Mr. Edwards as an employee, actively conspired with the other defendants to gain an unfair competitive advantage against plaintiff.
 {¶ 3} After engaging in settlement discussions, the parties eventually reached a settlement agreement, which was subsequently incorporated into an agreed judgment by the common pleas court. Claiming that defendants violated the agreed judgment, plaintiff later moved to enforce the agreed judgment; sought sanctions against defendants, and requested an oral hearing. In a separate motion, plaintiff also moved for an injunction and temporary restraining order against defendants.
 {¶ 4} On January 19, 2006, the trial court held a hearing with the ostensible purpose of adjudicating plaintiff's request for injunctive relief. Following this hearing, the trial court issued an order that referred the case to a magistrate of the court. Also, after hearing of January 19, 2006, defendant Roger G. Edwards moved to enforce the terms of the agreed judgment and sought sanctions against plaintiff. For good cause shown and by agreement of the parties, the magistrate scheduled a hearing for May 23, 2006.
 {¶ 5} However, on April 10, 2006, after the trial court had referred the case to a magistrate, it rendered a decision that not only denied plaintiff's motion for an injunction and restraining order, but also denied plaintiff's motion to enforce the agreed judgment.[1] Following the trial court's judgment, the magistrate vacated her order that scheduled a hearing for May 23, 2006.
 {¶ 6} From the trial court's judgment, plaintiff now appeals and assigns a single error for our consideration:
 THE TRIAL COURT'S FAILURE TO CONDUCT HEARING PRIOR TO DECISION DENIES APPELLANT THE PROCEDURAL DUE PROCESS IT IS GUARANTEED UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 {¶ 7} In this appeal, plaintiff only challenges the trial court's denial of its motion to enforce the agreed judgment; plaintiff does not challenge the trial court's denial of plaintiff's motion for an injunction and temporary restraining order.
 {¶ 8} "Section 16, Article I of the Ohio Constitution provides,inter alia, that every person who sustains a legal injury `shall have remedy by due course of law.'" Sorrell v. Thevenir (1994),69 Ohio St.3d 415, 422. The "due course of law" provision in Section 16, Article I of the Ohio Constitution "is the equivalent of the `due process of law' provision in theFourteenth Amendment to the United States Constitution."Sorrell, at 422, citing Direct Plumbing Supply Co. v.Dayton (1941), 138 Ohio St. 540, 544; see, also, State ex rel. Plain Dealer Pub. Co. v. Floyd,111 Ohio St.3d 56, 2006-Ohio-4437, at ¶ 45, citing State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 6, certiorari denied (2003), 537 U.S. 1197, 123 S.Ct. 1265 (stating that "[t]he right to procedural due process is required by theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution").
 {¶ 9} In Boddie v. Connecticut (1971), 401 U.S. 371, 91 S.Ct. 780, the Supreme Court of the United States explained:
 * * * [D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard. Early in our jurisprudence, this Court voiced the doctrine that `[w]herever one is assailed in his person or his property, there he may defend' * * *.
 * * *
 Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance * * * or who, without justifiable excuse, violates a procedural rule requiring the production of evidence necessary for orderly adjudication * * *. What the Constitution does require is `an opportunity * * * granted at a meaningful time and in a meaningful manner' * * * `for (a) hearing appropriate to the nature of the case' * * *. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. * * * In short, `within the limits of practicability,' * * * a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause. * * *
Id. at 377-379. (Footnotes omitted.)
 {¶ 10} Under Civ. R. 65, a court has discretionary power to advance a trial on its merits and consolidate the trial with a hearing on a preliminary injunction to prevent two hearings and save time and expense for the court and parties. Civ. R. 65(B)(2); staff notes, Civ. R. 65. However, "it is generally improper to dispose of a case on the merits following a hearing for a preliminary injunction without consolidating that hearing with a trial on the merits or otherwise giving notice to counsel that the merits would be considered." Seasonings Etcetera, Inc.v. Nay (Feb. 23, 1993), Franklin App. No. 92AP1056, citing George P.Ballas Buick-GMC, Inc. v. Taylor Buick, Inc. (1982), 5 Ohio App.3d 71;Turoff v. Stefanac (1984), 16 Ohio App.3d 227. "Before consolidation, the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." Bd. of Edn. IrontonCity Schools v. Ohio Dept. of Edn. (June 29, 1993), Lawrence App. No. CA92-39, citing Univ. of Texas v. Camenisch (1981), 45 U.S. 390, 395,101 S.Ct. 1830; Warren Plaza v. Giant Eagle, Inc. (June 15, 1990), Trumbull App. No. 88-T-4122, jurisdictional motion allowed,55 Ohio St.3d 705, appeal dismissed (1992), 63 Ohio St.3d 497. Cf. Bd. of Edn.Ironton City Schools (stating that "[t]here is no provision that allows a court to consolidate a hearing on the merits with an application for a temporary restraining order. However, when all of the parties had notice of, were present at, and participated in the hearing, the court may treat the application for a temporary restraining order as one for a preliminary injunction"). (Footnote omitted.)
 {¶ 11} In Internatl. Assn. of Firefighters (I.A.F.F.), Local 336 v.Middletown (Aug. 31, 1983), Butler App. No. CA83-02-020, the Twelfth District Court of Appeals remarked:
 Civ. R. 65(B) simply does not permit an advancement and consolidation of the trial on the merits at the preliminary injunction hearing without an order of the trial court. The purpose of the order is obviously to notify both parties so that they can prepare their respective cases accordingly as there are fundamental differences between a trial on the merits and a hearing for a preliminary injunction. A preliminary injunction is a provisional remedy and requires that the plaintiff demonstrate that he is entitled to the relief demanded, i.e., the preliminary injunction, and that such relief consists of some act that during the litigation would produce irreparable injury to the plaintiff. * * * The plaintiff must also show a substantial likelihood of success on the merits, whether the issuance of a preliminary injunction would cause substantial harm to others, and whether the public interest would be served by issuing a preliminary injunction. * * * An action on the merits involves very few, if any, of the aforementioned issues.
 {¶ 12} Here, the trial court did not issue an order that consolidated a hearing on the merits with a hearing for a preliminary injunction. As discussed within, under the facts and circumstances of this case, the court's failure to provide such notice before disposing of the merits of the case, and other errors by the common pleas court, constitute prejudicial error. Cf. George P. Ballas Buick-GMC, Inc., supra (holding that a trial court did not err by dismissing a case following a hearing for injunctive relief even though the court failed to consolidate the hearing for injunctive relief with a hearing on the merits because, after an extensive hearing, the evidence did not reveal any conflict of material that justified a full trial on the merits); Lend-A-Paw FelineShelter, Inc. v. Lend-A-Paw Foundation of Greater Toledo, Inc. (Nov. 9, 2001), Lucas App. No. L-01-1052 (revisiting George B. Ballas Buick-GMC,Inc. and concluding that the relevant holding in George B. BallasBuick-GMC, Inc. should be limited to the facts in that case.).
 {¶ 13} At the beginning of the hearing on January 19, 2006, counsel for the parties acknowledged that the only matter before the court at that hearing was plaintiff's request for injunctive relief. See, generally, Bd. of Edn. Ironton City Schools, supra (discussing injunctive relief under Ohio law).[2]
 {¶ 14} Specifically, in remarks to the court prior to the presentation of any evidence, plaintiff's counsel informed the court that, besides filing a motion to enforce the agreed judgment, "[w]e also requested, and it's before the Court today, a motion for injunctive relief and restraining orders[.]" (Tr. 4.) Prior to the presentation of evidence, defense counsel had this exchange with the court:
 [Defense Counsel]: * * * On behalf of all the defendants, I want to point out a couple of things in the agreed judgment entry, because what we're here on is injunctive relief.
 THE COURT: Uh-huh.
 [Defense Counsel]: The entry itself, the injunctive provisions included in the entry expired four days ago, so they are gone. I don't think this Court necessarily has the unilateral ability to just extend the injunctive relief past what is already agreed to in the order.
 * * *
 We're not here today on damages, and for certain we're denying that there's any violation of the agreed judgment entry, period.
 * * *
 So our position is really twofold. One, this is a claim for injunctive relief. We don't think that is appropriate at this point because the injunctive provisions of the agreed entry have already expired.
 If they felt this strongly about this, they should have filed these motions back in early November when Mr. Sexton first called me * * *. They didn't do anything for two months.
 Why did they wait? The injunction has expired as built into the contract, and we're not violating the agreed judgment entry.
 From our standpoint, we're asking the Court to deny this, and if they want to present evidence later about a breach of contract, an agreed judgment entry, I think that's a damage issue.
(Tr. 6-8.)
 {¶ 15} During the hearing, while explaining to the court a rationale for a question to a witness, plaintiff's counsel also had this exchange with the court:
 [Plaintiff's counsel]: Just so long as an issue as to the — Your Honor, the reason I bring it up is — the reason with respect to any kind of injunctive relief, I got to show irreparable harm.
 THE COURT: Go ahead. Go ahead.
(Tr. 41-42.)
 {¶ 16} After witness testimony had been presented, the trial court seemingly acknowledged that plaintiff's motion for an injunction or a temporary restraining order, or both, was the matter before the court at that time. The court stated:
 This matter is for a motion for injunction and temporary restraining order. The Court at this time will not issue a TRO.
 Needless to say, the time limit for the operation of the agreement is expired. The thing the Court will do is take the matter under advisement and will issue a written decision addressing the remaining issues.
 If there's found to be violation of the agreement, then the appropriate sanction would be money damages and not necessarily an extension of the noncompete requirements here.
(Tr. 91-92.)
 {¶ 17} After the court's announcement, plaintiff's counsel inquired of the court as follows:
 [Plaintiff's Counsel]: Your Honor, if we want to submit it, this is for the purpose of the TRO or are you going to decide the entire matter?
 THE COURT: It's going to be everything that you presented to me in this motion. I'm going to —
 [Plaintiff's Counsel]: The motion for temporary restraining order?
 THE COURT: Yes.
 [Plaintiff's Counsel]: And I also had a motion to enforce, which was referred — you put an order of reference on over to Magistrate Browning.
 THE COURT: Yeah.
 [Plaintiff's Counsel]: So that's still out there. I just want to make sure I understand —
 THE COURT: Order of reference to Magistrate Browning for what?
 [Plaintiff's Counsel]: For the motion to enforce the terms of this agreement, what we set today for, as I understood it, was my — I then also filed a motion for injunctive relief temporary restraining order. I just want to make sure —
 THE COURT: Okay. Let me ask you this: What more would you present to me in order to enforce the agreement?
 [Plaintiff's Counsel]: I would — I have made document requests, which I prepared today, to see exactly what [Defendant Roger G. Edwards] is invoicing Columbus Public Schools for and, Your Honor, with all due —
 THE COURT: The only thing I saw was that one invoice with numbers on it, unless you want the supporting documentation for it.
 [Plaintiff's Counsel]: Absolutely. And it's our — obvious — I'm not going to beat a dead horse. You understand where we're coming from. We think it's a separate deal and cut it out that way. That would be — that would be on first blush after today.
 THE COURT: Let me ask you this, Counsel: Can you provide him the supporting documentation for the invoices for Columbus Public Schools?
 [Defense Counsel]: To the extent that it exists.
 THE DEFENDANT: There's not a whole lot.
 THE COURT: What exists?
 THE DEFENDANT: There's not a lot. My time.
 THE COURT: Just your time?
 THE DEFENDANT: Just my time.
 THE COURT: Please get that to him expeditiously so we can still comply with the seven days, and basically what I propose to do is go ahead and resolve this once and for all.
 One of the problems — not a problem, but Magistrate Browning is off, and she will be off probably another eight weeks or so.
 [Plaintiff's Counsel]: Okay.
 THE COURT: So rather than turn it over to the magistrate that's covering now that will have to be educated on the whole thing, it may be simpler if I go ahead and resolve it myself.
 [Plaintiff's Counsel]: Just, your Honor, for the record purposes and your information, I thought today was — it was our understanding it was set today for temporary restraining order.
 THE COURT: Let me ask you again: What else do you want to provide me to cover the whole shooting match?
 [Plaintiff's Counsel]: Well, your Honor, I haven't had — it's been — I haven't had an opportunity to do proper discovery beyond — I don't think I can — I don't think it's fair for the Court to ask me that given the fact that I haven't had an opportunity to do but last minute chasing —
 THE COURT: Fine, fine, counsel. I'll just cover the TRO. I'll leave the other matter open. All right?
 [Plaintiff's Counsel]: Okay. Thank you.
 THE COURT: We'll just cover the TRO, and then we'll allow you to proceed and do whatever else you need to do with respect to preparation and getting ready to do whatever you feel is appropriate with respect to enforcing the agreement or what have you.
 [Plaintiff's Counsel]: Thank you.
 THE COURT: Anything else?
 [Defense Counsel]: No, your Honor.
 THE COURT: All right. Thank you all.
 [Plaintiff's Counsel]: Thank you very much, your Honor.
(Tr. 94-97.)
 {¶ 18} At the beginning of the hearing, the parties' counsel informed the court of their understanding that plaintiff's request for injunctive relief was the issue before the court. Also, at the conclusion of the hearing on January 19, 2006, after plaintiff's counsel informed the court that plaintiff required further discovery, the court indicated that it would defer ruling on the merits of plaintiff's case and allow plaintiff to conduct further discovery and present additional evidence. After the hearing of January 19, 2006, through an order of reference, the court then referred the case to a magistrate of the court.
 {¶ 19} Because the trial court informed the parties that it would defer ruling on the merits of plaintiff's motion to enforce the agreed judgment and that it would allow plaintiff to conduct further discovery and present additional evidence, we find that the court erred to the prejudice of plaintiff by denying plaintiff's motion to enforce the agreed judgment without providing plaintiff an opportunity to present additional evidence following discovery.
 {¶ 20} Furthermore, because the trial court denied plaintiff's motion to enforce the agreed judgment without providing plaintiff with an opportunity to present additional evidence as to the merits of plaintiff's claim, and because the common pleas court inexplicably entered judgment on the merits of plaintiff's motion to enforce the agreed judgment after previously indicating it would defer such a ruling until after plaintiff had an opportunity to pursue further discovery and present additional evidence, we hold that the common pleas court failed to afford plaintiff a meaningful opportunity to be heard, and thereby deprived plaintiff of procedural due process. Accord Bd. of Edn. IrontonCity Schools, supra (concluding that a trial court's failure to follow the procedure set forth in Civ. R. 65[B][2] denied the appellants due process and constituted prejudicial error). We therefore sustain plaintiff's sole assignment of error.
 {¶ 21} Accordingly, having sustained plaintiff's sole assignment of error, we therefore reverse that portion of the judgment of the Franklin County Court of Common Pleas that denied plaintiff's verified motion to enforce an agreed judgment. Because in this appeal plaintiff has not challenged the trial court's denial of its motion for a preliminary injunction or temporary restraining order, or both, we leave undisturbed that portion of the common pleas court's judgment that denied plaintiff's request for injunctive relief. Furthermore, having concluded that the common pleas court's denial of plaintiff's verified motion to enforce the agreed judgment was prejudicial error, we remand the matter to that court for further proceedings in accordance with law, and consistent with this opinion.
Judgment reversed in part; cause remanded.
KLATT, P.J., and TRAVIS, J., concur.
[1] Because the common pleas court's judgment failed to make a ruling as to defendant Roger G. Edward's motion that sought to enforce the agreed judgment and impose sanctions against plaintiff, we presume the trial court overruled this motion. See, generally, Kostelnik v.Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 13, reconsideration denied, 96 Ohio St.3d 1489, 2002-Ohio-4478, citing State ex rel. V Cos.v. Marshall (1998), 81 Ohio St.3d 467, 469 (stating that "[a] motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled"); Portofe v. Portofe,153 Ohio App.3d 207, 2003-Ohio-3469, at ¶ 16.
[2] In Bd. of Edn. Ironton City Schools, the court observed:
 In Ohio, injunctions are separated into three categories: (1) the temporary restraining order, which is issued ex parte without notice in an emergency situation to last only until a hearing can be set; (2) the preliminary injunction issued with notice and after a hearing to maintain the status quo until there can be a full trial on the merits; and, (3) the permanent injunction issued after a trial on the merits.
Id., citing 2 McCormac, Anderson's Ohio Civil Practice (1991) 842, Section 75.01.